UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-24227-CIV-ALTONAGA/Goodman

JASON MILLER,

    Plaintiff,
v.

GIZMODO MEDIA GROUP, LLC
and KATHERINE M. KRUEGER,

    Defendants.
    _____/

## ORDER

**THIS CAUSE** came before the Court *sua sponte*. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R.*, *Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). Stated differently, it is the Court's responsibility to "zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

Plaintiff, Jason Miller, alleges subject matter jurisdiction exists under 28 U.S.C. section 1332(a). (*See* Complaint [ECF No. 1] ¶ 25). Under section 1332, federal courts have diversity jurisdiction over civil actions between citizens of different states or foreign countries where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Plaintiff seeks damages in excess of $75,000.00 (*see id.* ¶ 17), but makes insufficient allegations to show complete diversity of citizenship exists.

Plaintiff is a resident of Virginia. (*See id*. ¶ 18). Defendant, Katherine M. Krueger, is a resident of New York. (*See id.* ¶ 20). According to Plaintiff, Defendant, Gizmodo Media

Group, LLC, "is a Delaware limited company believed to be wholly-owned by Univision, Communications, Inc. [which is] also a Delaware corporation; both of which have their principal place of business in New York . . . ." (*Id.* ¶ 19 (alterations added)).

These jurisdictional allegations are insufficient. "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (alteration added). Consequently, "[t]o sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ." *Id.* (alterations added).

Before the Court may assess whether there is diversity jurisdiction, Plaintiff must submit allegations or proof detailing the citizenship of each of Gizmodo Media Group's *members*. *See, e.g.*, *Criswell v. Convenience Stores, Inc.*, No. 5:08-CV-257, 2008 WL 4098946, at *2 (M.D. Ga. Aug. 28, 2008) (requiring plaintiffs to "correct the deficient allegations of citizenship" where the jurisdictional allegations were "lacking"). Indeed, the citizenship of one member may destroy federal diversity jurisdiction if complete diversity of citizenship does not exist between the plaintiff and all of the members of a defendant limited liability company. *See Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1316 (11th Cir. 2017).

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff, Jason Miller, shall file an amended complaint clarifying the citizenship of Defendant, Gizmodo Media Group, LLC's members no later than **October 18, 2018**. Failure to do so will result in dismissal of the action without further notice.

CASE NO. 18-24227-CIV-ALTONAGA/Goodman

**DONE AND ORDERED** in Miami, Florida, this 16th day of October, 2018.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record