UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

1:18-CV-24227-CMA-Altonaga

| | |
|---|---|
| JASON MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| GIZMODO MEDIA GROUP, LLC, | ) |
| a Delaware Corporation, KATHERINE | ) |
| KRUEGER, individually, and WILL | ) |
| MENAKER, individually, | ) |
| | ) |
| Defendants. | ) |

**JOINT MOTION FOR AN EXTENSION OF PAGE AND TIME LIMITATIONS**

Pursuant to the Court's December 7, 2018 Order (ECF No. 33) directing Defendants Gizmodo Media Group, LLC ("Gizmodo"), Katherine Krueger ("Krueger"), and Will Menaker ("Menaker," and together with Krueger and Gizmodo, "Defendants") to file a single combined response to Plaintiff Jason Miller's ("Plaintiff," or "Miller") First Amended Complaint ("Complaint"), the parties jointly move the court for an extension of the page limitations applicable to memoranda of law set forth in Local Rule 7.1(c)(2).  Pursuant to Local Rule 7.1(c)(1), the parties also respectfully request an extension of the time in which Plaintiff may oppose Defendants' forthcoming motion to dismiss and in which Defendants may submit a reply memorandum of law.

In accordance with the Court's December 7 Order, Defendants intend to file a single motion to dismiss the Complaint by December 21, 2018.  However, because Gizmodo and Krueger, on the one hand, and Menaker, on the other, must respond to separate factual allegations and causes of action in the Complaint and intend to assert separate defenses thereto,

1

Defendants believe that an extension of the 20-page limit for memoranda of law set forth in Local Rule 7.1(c)(2) will be required.  The Complaint arises from two separate publications: an article written by Krueger and published by Gizmodo on September 21, 2018 (the "Article"), and a tweet posted by Defendant Will Menaker ("Menaker") on October 16, 2018, weeks after the Article was published.  (*See* Compl. ¶¶ 159-206-216.)  Plaintiff asserts five causes of action against Gizmodo and Krueger based on their publication of the Article (for defamation per se, tortious interference with advantageous business relationships, intentional infliction of emotional distress, invasion of privacy, and conspiracy), and one cause of action for defamation against Menaker based on his October 2018 tweet.  (*Id.*)  The factual allegations in the Complaint purporting to support these causes of action are entirely different for the respective parties.  (*Compare id.* ¶¶ 92-104, 123-141,144-158, 159-206 *with* ¶¶ 116-122, 142-143, 207-216.)

Consequently, as Defendants' previously filed motions to dismiss (ECF Nos. 30, 31) make clear, Gizmodo and Krueger, on the one hand, and Menaker, on the other, intend to rely on entirely separate defenses in this case and are represented by separate counsel.  Gizmodo and Krueger will argue that their publication of the Article is absolutely protected by the constitutional privilege set forth in *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469 (1975), and by the fair report privilege under New York and Florida law.  (ECF No. 31.)  Gizmodo and Krueger also intend to argue that Miller's invasion of privacy claim must be dismissed because he has failed to plead the publication of private *truthful* facts, and that all of his non-defamation tort claims must be dismissed under Florida's "single action" rule or as duplicative under New York law.  (*Id.*)  Menaker intends to argue that he is not subject to the jurisdiction of this Court; that his tweet is a non-actionable statement of opinion or rhetorical hyperbole; and that Miller has failed to plead that Menaker published the tweet with actual malice.  (ECF No. 30.)

Based on the number and complexity of the factual and legal arguments to be separately addressed by Gizmodo and Krueger, on the one hand, and Menaker, on the other—Defendants respectfully request that the Court extend the page limitation for Defendants' single combined response to the Complaint from twenty (20) to thirty-five (35) pages.  Likewise, Plaintiff requests that he be permitted to file an opposition to Defendants' combined motion to dismiss of thirty-five (35) pages.  Defendants further request that they be permitted to file a reply memorandum of law not to exceed fifteen (15) pages.  The parties believe that these page extensions are necessary so that they may thoroughly address the legal and factual issues raised by the Complaint and by Defendants' forthcoming motion.

Finally, due to the upcoming holidays and the complexity of the issues to be addressed by Defendants' combined motion to dismiss, the parties respectfully request that the Court set the following briefing schedule on Defendants' motion, which will be filed by December 21, 2018 in conformity with the Court's December 7 Order: (1) Plaintiff's opposition to Defendants' motion to dismiss to be filed by January 18, 2018; (2) Defendants' combined reply memorandum of law to be filed by February 8, 2018.

A proposed order granting the requested relief is submitted herewith.

Dated: December 10, 2018                                    Respectfully submitted,

/s/ *Kenneth G. Turkel*                                     /s/ *Deanna K. Shullman*
Kenneth G. Turkel, Esq.                                     Deanna K. Shullman (Florida Bar No. 514462)
kturkel@bajocuva.com                                        Rachel Fugate (Florida Bar. No. 144029)
Shane B. Vogt, Esq.                                         Giselle M. Girones (Florida Bar. No. 124373)
shane.vogt@bajocuva.com                                     SHULLMAN FUGATE PLLC
BAJO CUVA COHEN TURKEL                                      2101 Vista Parkway, Suite 4006
100 N. Tampa Street, Ste. 1900                              West Palm Beach, FL 33411
Tampa, FL 33602                                             Telephone: (561) 429-3619
Telephone: (813) 443-2193                                   dshullman@shullmanfugate.com
                                                            rfugate@shullmanfugate.com
*Attorneys for Plaintiff Jason Miller*                      ggirones@shullmanfugate.com

/s/ *Elizabeth A. McNamara*
Elizabeth A. McNamara (*pro hac vice* forthcoming)
Katherine M. Bolger (*pro hac vice* forthcoming)
Claire K. Leonard (*pro hac vice* forthcoming)
DAVIS WRIGHT TREMAINE
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Telephone: (212) 489-8230
lizmcnamara@dwt.com
katebolger@dwt.com
claireleonard@dwt.com

*Attorneys for Defendants Gizmodo Media Group, LLC and Katherine Krueger*

/s/ *Charles D. Tobin*
Charles D. Tobin, Esq.
tobinc@ballardspahr.com
Chad R. Bowman, Esq. (*pro hac vice*)
bowmanchad@ballardspahr.com
Maxwell S. Mishkin, Esq.
(*pro hac vice*)
mishkinm@ballardspahr.com
BALLARD SPAHR LLP
1909 K Street, NW, 12th Floor
Telephone: (202) 661-2218

*Attorneys for Defendants Will Menaker*

4