UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-24227-CIV-ALTONAGA/Goodman

**JASON MILLER**,

    Plaintiff,
v.

**GIZMODO MEDIA GROUP, LLC**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Jason Miller's Renewed Motion to Extend Deadline . . . To Amend Pleadings and Add Parties [ECF No. 50], filed December 20, 2018. Plaintiff seeks an extension of the December 19, 2018 deadline to amend pleadings as set forth in the Order Setting Trial and Pre-Trial Schedule [ECF No. 19] (the "Scheduling Order"). Plaintiff states he "will need responses to the discovery served on Defendants . . . in order to make a determination regarding amending his pleadings or adding parties . . . ." (Mot. ¶ 4 (alterations added)). In short, according to Plaintiff, given that (1) discovery disputes "need to be resolved;" (2) the scope of jurisdictional discovery as to Defendant, Will Menaker "has yet to be fully determined," and (3) "discovery disputes . . . may arise" with Defendants, Gizmodo Media Group, LLC, and Katherine Krueger (the "Gizmodo Defendants"), the Court should extend the deadline to amend pleadings.

The Court disagrees — none of Plaintiff's stated reasons amounts to good cause to modify a scheduling order under Federal Rule of Civil Procedure 16(b)(4). The filing of a complaint is not an invitation to engage in a fishing expedition during discovery to establish a plausible claim for relief — such reasonable diligence must take place prior to commencing

litigation. Indeed, once a complaint is filed, it is in the parties' and the Court's best interests to ensure the orderly progress of the case. Certainly, should Plaintiff discover additional facts during jurisdictional discovery to support amendment of the Amended Complaint [ECF No. 5], the Court will entertain his request. But to allow Plaintiff to engage in discovery through February 19, 2019, over a month after the Court is set to resolve the Gizmodo Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (*see* [ECF No. 46]), would render the Scheduling Order obsolete. This, the Court will not do. *See Rogers v. Hartford Life and Acc. Ins. Co.*, No. 12-0019, 2012 WL 2395194, at *1 n.3 (S.D. Ala. June 22, 2012) ("[A] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril . . . . Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." (alterations in original; internal quotation marks and citation omitted)).

    Accordingly, it is

    **ORDERED AND ADJUDGED** that Plaintiff's Motion **[ECF No. 50]** is **DENIED**.

    **DONE AND ORDERED** in Miami, Florida, this 20th day of December, 2018.

*[signature: Cecilia M. Altonaga]*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record