UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:18-cv-24227-CMA

JASON MILLER,

    Plaintiff,

      v.

GIZMODO MEDIA GROUP, LLC,
a Delaware Corporation, KATHERINE
KRUEGER, individually, and
WILL MENAKER, individually,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO COMPEL[1] NON-PARTY ARLENE DELGADO
TO PRODUCE DOCUMENTS IN RESPONSE TO SUBPOENA DUCES TECUM**

Plaintiff, Jason Miller ("Miller"), by counsel and pursuant to Federal Rule of Civil Procedure 45(B) and Local Rule 26.1(g), moves this Court for entry of an order overruling non-party, Arlene Delgado's ("Delgado"), Objection [Doc. 47] to Miller's November 30, 2018 subpoena duces tecum (the "Subpoena") and compelling Delgado to produce all documents responsive to the Subpoena, and in support states as follows:

**INTRODUCTION**

This motion seeks to compel Delgado—a Harvard-educated lawyer who filed the defamatory, salacious pleading about Miller in their paternity case (the "Supplement") and then

---

[1] Counsel for Plaintiff is uncertain as to whether this motion, directed to a non-party, falls under the procedures in Magistrate Judge Goodman's Discovery Procedures Order [Doc. 20]. Accordingly, Plaintiff is filing this Motion to comply with the requirements of Rule 26.1(g) and has also obtained potential dates to place this matter on the next available discovery calendar and is coordinating Ms. Delgado's availability.

{BC00184823:1}

disseminated that Supplement to the press to try to destroy Miller—to produce critical documents sought through the Subpoena related to her transmission of the Supplement to the media for publication, the falsity of the Supplement, and her communications with certain key witnesses about Miller and the Supplement.  Delgado's role in Gizmodo Defendants' publication of the defamatory Supplement is a central issue in this case.  Yet, Delgado failed to produce any documents in response to Miller's Subpoena based on boilerplate objections, while Gizmodo Defendants are trying to convince the Court to dismiss Miller's claims with prejudice before discovery runs its course.  [Doc. 44; Doc. 62]

## The Defamatory Supplement

One fact that seems to have been lost in the procedural maneuvers dominating the early stages of this litigation is that the Supplement Delgado filed, which Miller sealed before it became public, but Delgado gave to the press anyway, is ***fabricated and completely false***.  Miller filed this lawsuit against Defendants Gizmodo Media Group, LLC ("Gizmodo") and Katherine Krueger ("Krueger") (collectively, "Gizmodo Defendants"), because they published an article disclosing the contents of the *sealed* Supplement to millions of readers and other publications. In doing so, Gizmodo Defendants told millions of people Miller killed an unborn child, tried to kill the woman carrying that child, beat another woman, and tried to cover up these horrific crimes [Doc. 5, ¶¶ 2, 96].  ***It is undisputed that all these accusations are false.*** [2]

---

[2] In fact, before filing this lawsuit Miller obtained a declaration from "Jane Doe" confirming that she does not even know Miller and the story about their supposed affair, her pregnancy, and the abortion pill smoothie is false.  [Doc. 5, ¶ 3; Doc. 5-1]

2

## Delgado's Role In Creating And Disseminating The Supplement

Miller maintains Delgado fabricated the false statements Gizmodo Defendants published about Miller, including the accusation about Miller giving "Jane Doe" an abortion pill in a smoothie[3], as part of her plan to enlist the press to destroy Miller—a plot she coined "crying rape" several years ago [Doc. 5, ¶¶ 50-51].  Delgado's initial effort to disseminate the defamatory accusations about Miller was through journalists Jordan Bloom ("Bloom") and Yashar Ali ("Ali") [Doc. 5, ¶¶ 53-74].  Delgado fed Ali and Bloom information about the false claims concerning Miller in the hopes they would investigate and publish stories about the events.  [*Id.*]  Bloom and Ali did investigate, but their investigations led to communications with "Jane Doe" during which she informed these reporters that she did not even know Miller, let alone have an affair with him, and consequently Miller never gave her an abortion pill in a smoothie.  [Doc. 5, ¶¶ 56, 64, 67-69]

Once Delgado learned Ali and Bloom were not going to publish the false accusations about Miller, Delgado set in motion her plan to use the pending paternity case with Miller to spread lies about Miller's supposed criminal activities and mistreatment of women.  [Doc. 5, ¶¶ 78-88]  Delgado incorrectly believed she could manipulate the litigation privilege and First Amendment by filing the false accusations in the Supplement in the court file and then disseminating the Supplement to the press as a "confidential source" so the press could publish them under the protections of the fair reporting privilege—leaving Miller with no recourse for being defamed. [Doc. 5, ¶¶ 89-90]  Thus, on Friday, September 14, 2018, Delgado electronically filed the Supplement in the paternity case pending in Miami-Dade County.

---

[3] It appears the abortion pill smoothie story emanated from 2015 online stories about such an incident actually happening in Norway.  [Doc 5, ¶ 52]

**Miller Sealed the Supplement Before It Was Public**

On the morning of Monday, September 17, 2018, before the Supplement was released to the public docket and before anyone obtained the Supplement from the publicly available Court file, Miller filed a Notice of Confidential Information Within Court Filing ("Notice") and a Motion to Determine Confidentiality of Information Within Court Filing ("Motion") under Florida Rule of Judicial Administration 2.420.

No one accessed the Supplement[4] or obtained a copy of it from the Clerk before Miller filed his Notice and Motion on September 17, 2018. [Doc. 5, ¶¶ 91-92] Rule 2.420 specifically contemplates that a party who was not the initial filer of a court document still can seek to protect confidential information improperly or inadvertently placed into a court file to protect it from public view. *See* Rule 2.420(d)(2)(A) ("If any document in a court file contains confidential information as described in subdivision (d)(1)(B), the filer, a party, or any affected non-party may file the Notice of Confidential Information within Court Filing if the document was not initially filed with a Notice…")

Miller's Notice and Motion had the immediate and automatic effect of sealing the Supplement until a hearing could be held on Miller's Motion to seal. *See* Rule 2.420(d)(2)(B), (d)(3), and (e)(1) ("Information that is subject to such a motion [to seal] must be treated as confidential by the clerk pending the court's ruling on the motion."); *see also In re Amendments to Florida Rule of Judicial Administration 2.420*, 954 So.2d 16, 21-21 (Fla. 2007) ("The clerk must treat all court records subject to such a motion as confidential pending resolution of the motion… Because the mere filing of a motion has the effect of making materials confidential, a hearing must be held within thirty days after the filing of the motion.")

---

[4] Family law court filings are not available to the public online in Florida. [Doc. 5, ¶ 152]

{BC00184823:1}

**Gizmodo Defendants' Belief the Supplement Was Sealed Before Publication**

Miller maintains Delgado is Defendants' source of the Supplement. [Doc. 5, ¶ 153] At this juncture, Gizmodo Defendants refuse to disclose their source [Doc. 57-5], but have conceded for purposes of their pending motion to dismiss that Delgado is their source [Doc. 44, p. 13].

On the afternoon of Friday, September 21, 2018, Krueger received a copy of the Supplement. [Doc. 57-1] Upon receiving the Supplement, Krueger reached out to Gizmodo Special Projects Editor, Tim Marchman ("Marchman"), for help to obtain the Supplement online from the clerk because Krueger and Gizmodo knew court filings must be obtained from publicly available court files before publishing them.

Marchman conducted an online search, located the online public docket for the paternity case, and sent a screenshot of a portion of it to Krueger at 3:39 p.m. on September 21, 2018. ***Notably, the online docket Marchman sent to Krueger was the <u>public</u> version, which did <u>not</u> contain the "lock" symbol present on the Clerk's internal docket [Doc. 5, ¶ 150; Ex. 9], which indicated that (because of Miller's Motion) the Supplement was sealed.*** Contrary to Gizmodo Defendants' claim that the public docket gave no indication the Supplement was sealed [Doc. 44, p. 2] Krueger immediately suspected it was sealed:



In fact, Krueger and Marchman were so concerned about the Supplement being sealed – and therefore could not be published – that at approximately 5:07 p.m., Krueger and Marchman spoke with Gizmodo's legal department about their concerns. Later, Krueger and Gizmodo's legal department exchanged e-mails about publishing the Supplement.

At around 5:30 p.m., Gizmodo's General Counsel, Lynn Oberlander, reached out to Gizmodo's outside Florida legal counsel, presumably for information about the Supplement being sealed and the implications of Miller's Motion to Seal Under Rule 2.420. Gizmodo's outside Florida counsel is well-versed in Rule 2.420 of the Florida Rules of Judicial Administration (*see* 954 So.2d at 16) and knew and would have conveyed to Gizmodo and Krueger that Miller's September 17, 2018 Motion to Determine Confidentiality and Seal the

Supplement (which Delgado had already confirmed in e-mails to Krueger was pending and scheduled for hearing the following Monday) automatically sealed the Supplement and exempted it from public access until Miller's motion to seal was decided.

### The Pending Discovery

On November 30, 2018, Miller served Interrogatories and a Request for Production on Gizmodo and Krueger, personal jurisdiction discovery on Menaker, and issued subpoenas to Delgado and her counsel of record in the paternity action as of September 21, 2018 (when the Supplement was sent to the press and published), Richard Schurr ("Schurr"). Gizmodo and Krueger asked for an extension of time to respond to Miller's discovery. Miller agreed in part, but insisted Gizmodo Defendants respond to certain of his discovery requests surrounding the source of the Supplement by the original due date. On December 31, 2018, Gizmodo and Kruger responded to those specific discovery requests, but objected to identifying the source of the Supplement and to producing documents demonstrating how they received the Supplement. [Doc. 57-5]

On December 11, 2018, Schurr responded to Miller's subpoena by indicating he had no documents responsive to Miller's requests, including requests asking for documents evidencing Schurr's transmission of the Supplement to anyone else. [Doc. 57-4] Schurr confirmed on a phone call to Miller's family lawyer that he did not send the Supplement to anyone.

On December 17, 2018, Delgado served her Objection to Miller's Subpoena. [Doc. 47] As more specifically set forth below, Delgado asserted boilerplate objections and privileges and failed to produce any of the documents Miller subpoenaed.

**MEMORANDUM OF LAW**

"In the Eleventh Circuit, objections should be 'plain enough and specific enough so that the court can understand in what way the discovery sought is alleged to be objectionable'" *Center for Individual Rights v. Chevaldina,* 2017 WL 5905191 at *4 (S.D. Fla. Nov. 29, 2017) (quoting *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir. 1985)). In fact, the Eleventh Circuit considers boilerplate objections to be "borderline frivolous." *Id.* This Court feels the same way: "Blanket, unsupported objections that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and the Court will disregard such objections." [Doc. 20]; *see also Miccosukee Tribe of Indians of Florida v. Cypress*, 2013 WL 10740706, at *2 (S.D. Fla. June 28, 2013) ("Specificity is required in objections because without it both the requesting party and the Court lacks sufficient information to understand the scope of the objection, and to fairly consider whether the objection has merit.")

These rules apply equally to non-parties responding to a subpoena. *Chevaldina,* 2017 WL 5905191 at *4 ("By presenting boilerplate objections, [the subpoenaed party] fails to provide the Court with any details on how the subpoena is improper or how it applies to the items requested"); *see also Sabol v. Brooks,* 469 F.Supp.2d 324, 328-29 (D. Md. 2006) (Non-party "is subject to the same obligations and scope of discovery under Rule 45 as if it were a party proceeding under Rule 34 . . . . Under Rule 34, failure to make particularized objections to document requests constitutes a waiver of those objections. . . . . Unfortunately, [non-party] did not particularize its objections to these requests, and instead used the boilerplate objections that this Court repeatedly has warned against, thereby waiving its objections.")

Objections based on a claimed privilege also fail when they lack specificity. "Generalized objections asserting 'confidentiality,' attorney-client privilege or work product

doctrine . . . do not comply with local rules." *Chevaldina,* 2017 WL 5905191 at *4 (quoting *Guzman v. Irmadan,* 249 F.R.D. 399, 400 (S.D. Fla. 2008)). Further, one objecting to discovery based on privilege is "*obligated* to provide [the requesting party] with a privilege log" identifying the privileged document and the individuals who were parties to the communications. *Pepperwood of Naples Condo. Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co.,* 2011 WL 4382104, at *8 (M.D. Fla. Sept. 20, 2011) (emphasis in original); *Benfatto v. Wachovia Bank, N.A.*, 2008 WL 4938418, at *2 (S.D. Fla. Nov. 19, 2008) (one "may not claim that all of Plaintiff's discovery requests are privileged and non-discoverable without providing a privilege log in accordance with the Federal and Local Rules"). The privilege log requirement applies to a non-party subject to a subpoena. *Chevaldina,* 2017 WL 5905191 at *4.

### Miller's Targeted Document Requests and Delgado's Improper Objections

Miller's Subpoena seeks nine narrowly-tailored categories of documents from Delgado specifically related to facts alleged in this case. Delgado's boilerplate objections and assertion of attorney-client or other identified privileges are improper and should be overruled. It is clear from Delgado's response to Request Number 7 of the Subpoena (in which she simply states she has no such records) [Doc. 47] that Delgado has, but withheld, documents responsive to the following requests:

> **Request Number 1:** All communications, messages, e-mails, texts, direct messages, social media posts or messages, Facebook messages, tweets, and/or similar documents, whether in hard copy or electronic form, between you and any of the following people that relate in any way to Jason Miller: (a) Yashar Ali; (b) Jordan Bloom; (c) Katherine Krueger; (d) "Jane Doe" (as identified in your September 14, 2018 Mother's Supplement to Mother's March 2018 Motion for Court to Consider Psychological Evaluation of the Father (the "Supplement"); (e) "Gentleman A" (as identified in your Supplement); (f) anyone associated or affiliated with *Splinternews.com*; (g) anyone associated or affiliated with Gizmodo Media Group, LLC; (h) anyone associated or affiliated with *The Atlantic*; (i) anyone associated or affiliated with *Talking Points Memo*; and/or (j) anyone associated or affiliated with *twitchy.com*.

9

{BC00184823:1}

>**Allegations Pertinent to Request:** Miller makes specific allegations about Delgado's communications with these individuals and entities throughout the First Amended Complaint and/or they are specifically referenced in the Supplement itself. [Doc. 5, ¶¶ 41, 43, 55-73, 78-80]
>
>**Delgado Response:** Arlene Delgado objects to this Request as said Request is overbroad, intended only to harass Respondent, and seeks discovery of matters, things, and information which are not relevant and not material to the claims/causes of action against the Defendants in the pending action, nor are they reasonably calculated to lead to discovery of admissible evidence pertaining to the specific claims /causes of action and direct parties in this action. Moreover, it requests communications between individuals, neither of which are parties to this matter. Respondent also does not have access to or possession of what is sought in said Request. Plaintiff is attempting to use this matter and this subpoena to fish for and obtain information not relevant to his claims/causes of action in this case or to the parties in this case. Respondent also objects because the Request is not limited to a specific time period.

Delgado's boilerplate objections are improper and without merit. *Chevaldina,* 2017 WL 5905191 at *4. Delgado's "objection" that the request seeks information between individuals that are not parties to this action is not a legitimate basis to refuse to comply with a subpoena. Although there is no specificity for the relevance objection, the information sought is certainly relevant to this case. Indeed, "it is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b)." *Marjam Supply Company of Florida, LLC v. Pliteq, Inc.,* 2018 WL 1456614 (S.D. Mar. 23, 2018). Thus, any nonprivileged matter relevant to any party's claim or defense is discoverable. *See* Rule 26(b), Fed. R. Civ. P. Delgado's communications about Miller with the persons and entities listed in the request, all central figures in the events giving rise to the lawsuit, certainly are relevant to Miller's claims.

>**Request Number 2:** Any recordings of "Jane Doe" (as referenced in paragraph 18 on page 2 of your Supplement).
>
>**Allegations Pertinent to Request:** This request seeks supposed evidence Delgado specifically references in the Supplement itself.
>
>**Delgado Response:** Respondent objects to this Request as said Request is overbroad, intended only to harass Respondent, and seeks discovery of matters,

{BC00184823:1}

>things, and information which are not relevant and not material to the claims/causes of action against the Defendants in the pending action, nor are they reasonably calculated to lead to discovery of admissible evidence pertaining to the specific claims /causes of action and direct parties in this action. Moreover, it requests a recording/sand/or conversation/s between individuals, neither of which are parties to this matter. Respondent is, moreover, unable to produce such as she is not the owner of said recording. Plaintiff is attempting to use this matter and this subpoena to fish for and obtain information not relevant to his claims/causes of action in this case or to the parties in this case. Respondent also objects because the Request is not limited to a specific time period.

Delgado's objections are improper and without merit. *Chevaldina,* 2017 WL 5905191 at \*4. Further, Delgado's "objection" that the request seeks information between individuals that are not parties to this action is not a legitimate basis to refuse to comply with a subpoena. Similarly, the assertion Delgado is "not the owner" of the supposed recording is not a legitimate basis to withhold the recording. Delgado must produce responsive documents in her possession, custody or control.

>**Request Number 3:** All documents, e-mails, messages, transmittals, or similar electronic data through which you provided a copy or image(s) of the Supplement to any other person <u>on or before</u> September 21, 2018.
>
>**Allegations Pertinent to Request:** This request seeks documents, communications or data relevant to proving whether Delgado was the Defendants' source of the Supplement <u>before</u> it was published.
>
>**Delgado's Response:** Respondent objects to this Request on the grounds that the individual to whom such was provided was her attorney-on-record and said communication is protected by attorney- client privilege.

Delgado's privilege objection lacks specificity and is not supported by a privilege log. *Chevaldina,* 2017 WL 5905191 at \*4. Delgado also fails to identify the documents that are purportedly privileged (including the type of document, the subject matter in the document, and the parties to the document) as well as the name of the attorney with whom she was purportedly communicating for the purpose of seeking legal advice. *See Pepperwood,* 2011 WL 4382104 at \*8.

11

{BC00184823:1}

>**Request Number 4:**  Your cell phone call logs or bills evidencing any calls or text messages between you and any of the following people between May 2018 and the present: (a) Yashar Ali; (b) Jordan Bloom; (c) Katherine Krueger; (d) "Jane Doe" (as identified in your September 14, 2018 Mother's Supplement to Mother's March 2018 Motion for Court to Consider Psychological Evaluation of the Father (the "Supplement"); (e) "Gentleman A" (as identified in your Supplement); (f) anyone associated or affiliated with *Splinternews.com*; (g) anyone associated or affiliated with Gizmodo Media Group, LLC; (h) anyone associated or affiliated with *The Atlantic*; (i) anyone associated or affiliated with *Talking Points Memo*; and/or (j) anyone associated or affiliated with *twitchy.com*.
>
>**Allegations Pertinent to Request:**  As set forth above concerning Request Number 1, this request seeks evidence related to communications between Delgado and critical witnesses in this case; including evidence of whether and when Delgado spoke to said individuals.
>
>**Delgado's Response:**  Respondent objects to this Request as said Request is overbroad, intended only to harass Respondent, and seeks discovery of matters, things, and information which are not relevant and not material to the claims/causes of action against the Defendants in the pending action, nor are they reasonably calculated to lead to discovery of admissible evidence pertaining to the specific claims /causes of action and direct parties in this action. Plaintiff is attempting to use this matter and this subpoena to fish for and obtain information not relevant to his claims/causes of action in this case or to the parties in this case. Notwithstanding or waiving these Objections, Respondent notes there were never any calls with Ms. Krueger or text messages with Ms. Krueger, at any time.

Delgado's boilerplate objections are improper and without merit.  *Chevaldina,* 2017 WL 5905191 at *4.  Although Delgado's relevance objection is a boilerplate objection that should be disregarded, Miller's request for documents evidencing communications between Delgado and critical witnesses during time periods directly at issue herein are discoverable.

>**Request Number 5:**  Any documentary evidence in your possession related to any of the following:  (a) an allegation that Jason Miller had a sexual relationship with a dancer in Orlando, Florida in 2012; (b) an allegation that Jason Miller impregnated a woman in Orlando Florida in 2012; (c) an allegation that Jason Miller slipped a pregnant woman an abortion pill in a smoothie in Orlando, Florida in 2012; (d) an allegation that Jason Miller attempted to have a woman with whom he had a sexual relationship in Orlando, Florida in 2012 sign a Non-Disclosure Agreement; and/or (e) an allegation that Jason Miller was physically abusive to a woman who lives in Clearwater, Florida.

{BC00184823:1}

> **Allegations Pertinent to Request:** Miller's allegations that the Supplement is false, including the specific accusations identified in this request, which Delgado authored, are one of the central elements of Miller's defamation claims.
>
> **Delgado's Response:** Respondent objects to this Request as said Request is overbroad, vaguely asking for "any documentary evidence," evidence being a subjective term. Respondent also objects as said Request is only intended only to harass Respondent, and seeks discovery of matters, things, and information which are not relevant and not material to the claims/causes of action against the Defendants in the pending action, nor are they reasonably calculated to lead to discovery of admissible evidence pertaining to the specific claims /causes of action and direct parties in this action. Plaintiff is attempting to use this matter and this subpoena to fish for and obtain information not relevant to his claims/causes of action in this case or to the parties in this case. Respondent also objects because the Request is not limited to a specific time period.

Delgado's objections are boilerplate, improper, and without merit. *Chevaldina,* 2017 WL 5905191 at *4. Although Delgado's objections should be disregarded, this request is directly relevant to proving the truth or falsity of the defamatory publication at issue.

> **Request Number 6:** Any notes, recordings, memos, records or other written memorializations of any research you conducted, interviews, investigations and/or inquiries you made concerning any of the following: (a) an allegation that Jason Miller had a sexual relationship with a dancer in Orlando, Florida in 2012; (b) an allegation that Jason Miller impregnated a woman in Orlando Florida in 2012; (c) an allegation that Jason Miller slipped a pregnant woman an abortion pill in a smoothie in Orlando, Florida in 2012; (d) an allegation that Jason Miller attempted to have a woman with whom he had a sexual relationship in Orlando, Florida in 2012 sign a Non-Disclosure Agreement; and/or (e) an allegation that Jason Miller was physically abusive to a woman who lives in Clearwater, Florida.
>
> **Allegations Pertinent to Request:** Much like the prior request, this request seeks evidence associated with the truth or falsity of the Supplement.
>
> **Delgado's Response:** Respondent objects to this Request as said Request is overbroad, intended only to harass Respondent, and seeks discovery of matters, things, and information which are not relevant and not material to the claims/causes of action against the Defendants in the pending action, nor are they reasonably calculated to lead to discovery of admissible evidence pertaining to the specific claims /causes of action and direct parties in this action. Moreover, it requests confidential information, including information that is attorney-client privileged. Plaintiff is attempting to use this matter and this subpoena to fish for and obtain information not relevant to his

13

>claims/causes of action in this case or to the parties in this case. Respondent also objects because the Request is not limited to a specific time period. Respondent also objects as any such notes are tied into notes regarding other matters on another case in which Plaintiff is a party, and would unduly prejudice Respondent's rights in the other matter.

Delgado's objections are boilerplate, improper and without merit. *Chevaldina,* 2017 WL 5905191 at *4. Although Delgado's objections should be disregarded, this request is directly relevant to proving the truth or falsity of the defamatory publication. Delgado's privilege objection also is improper because it is a generalized objection without any specificity. *Id*. Delgado also failed to provide a privilege log as required. *Pepperwood,* 2011 WL 4382104 at *8. To the extent Delgado's response claims she has notes responsive to this request but is concerned about divulging other unresponsive information in those notes, Miller respectfully requests the Court conduct an *in camera* inspection of the notes so that it may determine whether any information is non-responsive and/or should be produced.

>**Request Number 8:**  The portion of your internet browsing history for any online searches you conducted since May 2018 concerning or related to slipping or putting an abortion pill or pills into a pregnant woman's smoothie and/or any searches that included the words "abortion pill" and "smoothie."
>
>**Allegations Pertinent to Request:**  Miller specifically alleges Delgado fabricated the Supplement, including the abortion pill "smoothie" claim based on a similar incident reported on by online media in 2015. [Doc. 5, ¶ 52]
>
>**Response:**  Respondent objects to this Request as said Request is overbroad, intended only to harass Respondent, and seeks discovery of matters, things, and information which are not relevant and not material to the claims/causes of action against the Defendants in the pending action, nor are they reasonably calculated to lead to discovery of admissible evidence pertaining to the specific claims /causes of action and direct parties in this action. Any request for the "internet search history" of Respondent, who is a non-party, is unduly burdensome, invasive, and irrelevant.

14

Delgado's boilerplate objections are improper and without merit. *Chevaldina,* 2017 WL 5905191 at *4. Delgado's generalized and vague objections do not overcome the clear relevance of this request to the truth or falsity of the defamatory publication at issue.

> **Request Number 9:** To the extent not produced in response to any of the above requests, all communications, messages, e-mails, texts, direct messages, social media posts or messages, Facebook messages, tweets, comments, and/or similar documents, whether in hard copy or electronic form, between you and any other person related to any of the following: (a) an allegation that Jason Miller had a sexual relationship with a dancer in Orlando, Florida in 2012; (b) an allegation that Jason Miller impregnated a woman in Orlando Florida in 2012; (c) an allegation that Jason Miller slipped a pregnant woman an abortion pill in a smoothie in Orlando, Florida in 2012; (d) an allegation that Jason Miller attempted to have a woman with whom he had a sexual relationship in Orlando, Florida in 2012 sign a Non-Disclosure Agreement; and/or (e) an allegation that Jason Miller was physically abusive to a woman who lives in Clearwater, Florida.
>
> **Response:** Respondent objects to this Request as said Request is overbroad, intended only to harass Respondent, and seeks discovery of matters, things, and information which are not relevant and not material to the claims/causes of action against the Defendants in the pending action, nor are they reasonably calculated to lead to discovery of admissible evidence pertaining to the specific claims /causes of action and direct parties in this action. Moreover, it requests private conversations between individuals, neither of which are parties to this matter *and* includes attorney-client privileged communications. Respondent does not have access to or possession of what is sought in said Request. Plaintiff is attempting to use this matter and this subpoena to fish for and obtain information not relevant to his claims/causes of action in this case or to the parties in this case. Respondent also objects because the Request is not limited to a specific time period.

Delgado's boilerplate objections are improper and without merit. *Chevaldina,* 2017 WL 5905191 at *4. Further, the "objection" that the request seeks information between individuals that are not parties to this action is not a legitimate basis to refuse to comply with a subpoena. Although Delgado's relevance objection is boilerplate and should be disregarded, this request seeks evidence related to the truth or falsity of the defamatory publication. Delgado's privacy or privilege objections are improper because they are generalized lack specificity. *Id*. Moreover, Delgado failed to provide a privilege log.

15

{BC00184823:1}

## CONCLUSION

Based on the foregoing, Miller respectfully requests the entry of an order overruling Delgado's objections and compelling her compliance with the Subpoena.

### Good Faith Certification Pursuant to Local Rule 7.1(a)(3)

Counsel for Plaintiff attempted to confer with non-party, Arlene Delgado, in good faith concerning the relief requested in this motion and did not receive a response.

Respectfully submitted,

*/s/ Shane B. Vogt*
Kenneth G. Turkel – FBN 867233
E-mail: kturkel@bajocuva.com
Shane B. Vogt – FBN 257620
E-mail: svogt@bajocuva.com
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel: (813) 443-2199
Fax: (813) 443-2193

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 16, 2019, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

*/s/ Shane B. Vogt*
Attorney