UNITED STATES DISTRICT COURT
For the
Southern District of Florida



FILED BY ___ D.C.

FEB 08 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

JASON MILLER,
*Plaintiff*

v.  Civil Action No. 1:18-cv-24227-CMA

GIZMODO MEDIA GROUP, LLC,
KATHREINE KRUEGER and WILL MENAKER,
*Defendants*

## NON-PARTY'S OBJECTION TO HEARING SET FOR FRIDAY, FEBRUARY 8th and NON-PARTY'S MOTION/REQUEST FOR CONTINUANCE

Arlene Delgado ("Delgado"), **a non-party to this action**, files this **Objection to the hearing** set for Friday, February 8th.

Delgado is doing so immediately upon learning of the existence of said hearing: Delgado first learned of it late afternoon after business hours, on February 7th, and is filing this Objection in person, early on February 8th morning.

Delgado only learned of the hearing due to a call she received the afternoon of February 7th, by counsel for Defendant Gizmodo, to inquire regarding her position on the objections to be discussed at said hearing.

Delgado is unavailable for said hearing and would be wholly unprepared to appear and preserve and safeguard her rights, without any proper notification or preparation, much less ability to retain counsel.

Delgado is a single mother and directly cares for her one-year-old baby, without childcare, of which Plaintiff is well aware (Plaintiff is the child's father). It is outrageous that Plaintiff scheduled a hearing without any actual good faith efforts to set a hearing date for which Delgado was actually available. Delgado, moreover, would never have agreed to a February 8th hearing, as her elderly, 75-year-old

1

mother has a long-standing doctor's appointment on this afternoon to which Delgado is taking her mother.

**Having checked Honorable Judge Goodman's Rules, Plaintiff violated Judge Goodman's Rules in unilaterally setting said hearing without first making good faith efforts to have a conversation about such.**

The Discovery Rules state:

> Counsel **must** actually confer (in person or via telephone) and engage in reasonable compromise in a genuine effort to resolve their discovery disputes **before** filing a notice of a discovery hearing. In other words, there must be **an actual conversation** before a discovery hearing notice is filed. (emphasis in original)

**At no time, whatsoever, has Plaintiff's counsel attempted to discuss this matter with Delgado, either in person or via telephone, as clearly required.**

In Delgado's Spam mail folder, Delgado found three emails last night – and only three – from Plaintiff's counsel. **Not a single one requested to have a conversation or in-person meeting with Delgado.** On Tuesday, January 15th, Plaintiff's counsel sent an email to Delgado's Proton Mail email address at 2:51 pm. It merely merely asked if Delgado intended to stand by her objections to the subpoena and threatened to otherwise file a motion to compel the next day. On Wednesday evening, a second email was apparently sent to Delgado, which *also* made no effort to have a phone conversation or meeting in person. It only stated Plaintiff's counsel had already apparently reached out to chambers to obtain hearing dates and had obtained two dates (neither of which would have been suitable for Delgado, as Delgado has limited childcare options on a Friday and both dates were Fridays). On January 18, another email, a mere two days later, Plaintiff's counsel simply flippantly declared that a hearing had been unilaterally set for February 8, 2019.

**Plaintiff's counsel also failed to send Delgado *any* documentation in the mail, by any service (U.S. mail, Fed Ex, UPS), regarding the hearing.**

**Plaintiff's counsel also failed to call Delgado to discuss the matter and/or schedule such, as Delgado's cell phone records attest.**

It is not a surprise that Plaintiff's counsel is attempting to steamroll an indigent single mother, with overly aggressive and improper tactics: indeed, this Court would have noticed Plaintiff's Complaint in this case attacks and viciously insults Delgado over 100 times in the Complaint (more so than it even mentions the named defendants), including repeatedly referring to the hard-working mother and accomplished professional as "mentally unstable". Said pleading was also shared by Plaintiff with the media (a PDF of the pleading, repeatedly insulting Delgado, is front-and-center in an article written by a friend of Plaintiff's). Now Plaintiff even seeks to overrule the discovery rules in order to hold a hearing on which Delgado was not conferred.

Plaintiff has employed the same tactics in the 18-month-long, ongoing, litigation to which he has subjected Delgado, the mother of his only son, to excessive litigation and repeated litigation harassment: in that litigation (Miami Dade 11th Circuit Family Law Division) hearings have *also* been set by Plaintiff without consulting with Delgado, including one when Delgado was still recovering from a c-section in the hospital.

RELIEF SOUGHT
Delgado humbly and respectfully asks that this hearing be continued, for a date to be mutually determined between Plaintiff's counsel and Delgado, as Delgado was not properly notified; no good faith efforts were made to coordinate such; nor were Judge Goodman's discovery procedures followed that are required prior to a hearing being noticed.

By: *s/Arlene Delgado*
Non-Party
Arlene Delgado
136 SW 33 Avenue
Miami, FL 33135-1133
Phone: (305) 510-3400

CERTIFICATE OF SERVICE / FILING NOTICE

I HEREBY CERTIFY that this document was filed in person to the Clerk's Office, Wilkie D. Ferguson, Jr. U.S. Courthouse, 400 North Miami Avenue, Miami, FL 33128, the morning of February 8, 2019, as well as served via electronic mail on ~~December 17, 2018~~ to counsel listed on subpoena/Plaintiff's counsel, Shane B. Vogt, and to counsel listed as Defendant Gizmodo's counsel.

February 8, 2019

*[signature]*