IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

JASON MILLER,

    Plaintiff,

v.   1:18-CV-24227-CMA

GIZMODO MEDIA GROUP, LLC, et al.,

    Defendants.

_____

**DEFENDANT WILLIAM MENAKER'S EXPEDITED AND UNOPPOSED MOTION TO BE EXCUSED FROM THE MARCH 18, 2019 MEDIATION IN THIS MATTER**

Pursuant to Local Rules 7.1(d)(2) and 16.2(d)(4) & (e), Defendant William Menaker hereby moves on an expedited basis to be excused from the mediation currently scheduled in this matter for March 18, 2019 given his pending renewed motion to dismiss for lack of personal jurisdiction. In support of this expedited and unopposed motion, Menaker states as follows:

1. On November 7, 2018, the Court ordered all parties to "select a mediator in accordance with Local Rule 16.2; schedule a time, date and place for mediation; and jointly file a proposed order scheduling mediation." Dkt. 19 at 1. On November 29, 2018, the Court issued an order scheduling a mediation conference to be held in Florida on March 18, 2019. Dkt. 29.

2. On December 6, 2018, Menaker moved to dismiss Count VI of Plaintiff's First Amended Complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and failure to state a claim under Fed. R. Civ. P. 12(b)(6). Dkt. 30. Five days later, the Court ordered that Menaker's motion to dismiss be held in abeyance pending jurisdictional discovery. Dkt. 40 at 1.

3. On January 23, 2019, Plaintiff and Menaker jointly notified the Court that jurisdictional discovery was complete. Dkt. 67. The Court ordered Menaker to re-file his motion to dismiss the next day, Dkt. 69, and Menaker duly filed a renewed motion, Dkt. 70.

4. Plaintiff filed an opposition to Menaker's renewed motion to dismiss on February 7, 2019, Dkt. 72, and Menaker filed a reply in further support of his renewed motion on February 14, 2019, Dkt. 82. Menaker's renewed motion to dismiss therefore is fully briefed and submitted for decision by the Court.

5. As his renewed motion to dismiss remains pending, Menaker's participation in the upcoming mediation could be considered a waiver of his argument as to personal jurisdiction. *See, e.g.*, *Appelbaum v. Rickenbacker Grp., Inc.*, 2013 WL 12121103, at *1 (S.D. Fla. Mar. 18, 2013) (defendant waived personal jurisdiction argument in part by attending mediation); *Perez v. Sandals Resorts Int'l, Ltd.*, 2015 WL 94223, at *6 (E.D.N.Y. Jan. 7, 2015) (same); *cf. Richard v. U.S. Airways, Inc.*, 2011 WL 248446, at *2 (E.D. Pa. Jan. 26, 2011) (noting that "[i]mportantly, [defendant] also did not appear for [an] arbitration hearing" in finding no waiver by defendant).

6. Under these circumstances, there is good cause to excuse Menaker from the upcoming mediation and ensure that his jurisdictional arguments are preserved until the Court has the opportunity to rule on them. *See, e.g.*, *Blueskygreenland Envtl. Sols., LLC v. Georgas*, 2014 WL 12515259, at *2 (S.D. Fla. Feb. 25, 2014) (excusing from mediation defendant "as to which a motion to dismiss for lack of personal jurisdiction is pending"); *Blueskygreenland Envtl. Sols., LLC v. Georgas*, 2014 WL 1341277 (S.D. Fla. Apr. 4, 2014) (granting that defendant's motion to dismiss for lack of personal jurisdiction).

7. Pursuant to Local Rule 16.2(d)(4), "Any civil action or claim referred to mediation pursuant to this rule may be exempt or withdrawn from mediation by the presiding Judge at any time, before or after reference, upon application of a party and/or determination for any reason that the case is not suitable for mediation." Local Rule 16.2(e) similarly provides that the Court may excuse any party from participating in an otherwise-required mediation.

8. No party would be prejudiced by Menaker's excusal from the upcoming mediation. Menaker believes that the only proper resolution of the claim against him is its dismissal, whether voluntarily or by order of this Court. Moreover, if the Court were to deny Menaker's renewed motion to dismiss, the issue of mediation could be readdressed at that time.

9. Pursuant to Local Rule 7.1(d)(2), Menaker respectfully requests that the Court rule on this expedited motion by March 8, 2019, because a substantial and nonrefundable deposit must be paid to the mediator by the following business day.

10. None of the other parties opposes the requested relief.

For each and all of foregoing reasons, Menaker respectfully requests that the Court excuse him from attending and participating in the mediation currently scheduled for March 18, 2019, and grant such other and further relief as the Court deems just and proper.

Pursuant to Local Rule 7.1(a)(3), Menaker's counsel hereby certifies counsel for all parties in this matter indicate that they do not oppose the relief requested in this motion.

Dated: March 4, 2019

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (Fla. Bar No. 816345)
Chad R. Bowman (admitted *pro hac vice*)
Maxwell S. Mishkin (admitted *pro hac vice*)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
bowmanchad@ballardspahr.com
mishkinm@ballardspahr.com

*Counsel for Defendant William Menaker*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of March, 2019, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using CM/ECF. I also certify the foregoing document and the exhibit thereto are being served this day on all counsel of record in this case via transmission of Notice of Electronic Filing generated by CM/ECF.

/s/ Charles D. Tobin
Charles D. Tobin (Fla. Bar No. 816345)

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

JASON MILLER,

    Plaintiff,

v.    1:18-CV-24227-CMA

GIZMODO MEDIA GROUP, LLC, et al.,

    Defendants.

_____

**[PROPOSED] ORDER**

**THIS CAUSE** came before the Court on Defendant William Menaker's Expedited and Unopposed Motion to be Excused from the March 18, 2019 Mediation in this Matter. Pursuant to Local Rule 16.2, and for good cause shown, accordingly it is

**ORDERED AND ADJUDGED** that Mr. Menaker is hereby excused from attending and participating in the mediation conference currently scheduled in this matter for March 18, 2019.

**DONE AND ORDERED** in Miami, Florida, this _____ day of _____, 2019.

                                              _____
                                              **CECILIA M. ALTONAGA**
                                              **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record