UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18-24227-CIV-ALTONAGA/GOODMAN

JASON MILLER,

      Plaintiff,

v.

GIZMODO MEDIA GROUP, LLC, et al.,

      Defendants.

_____/

**POST-DISCOVERY HEARING ADMINISTRATIVE ORDER**

On March 27, 2019, the Undersigned held a hearing on the parties' discovery disputes. [ECF No. 97]. At the hearing, the Undersigned **ordered** as follows:

By April 8, 2019, the parties[1] shall submit a memorandum of law of no more than 15 double-spaced pages (excluding the signature block and certificate of service) on the following shield law related topics: (1) choice of law (whether New York shield law, Florida statutory shield law, or Eleventh Circuit common law shield-type law (or privilege, as it is sometimes called)[2] applies here); (2) whether any Defendants waived

---

[1] Defendants Gizmodo Media Group, LLC and Katherine Krueger, who are represented by the same counsel, shall jointly file one memorandum. The Undersigned notes that they have jointly filed other submissions in this case, such as their Corrected Motion to Dismiss. [ECF No. 44].

[2] The parties advised me at the hearing that the leading Eleventh Circuit case is

any protection provided by the shield law (or privilege) by sharing information with third parties; and (3) whether Plaintiff can establish the requisite factors to overcome the shield law (or privilege).[3]

In addition, Plaintiff shall attach to his memorandum copies of the relevant written discovery (and responses) generating the shield law objections.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on March 28, 2019.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Cecilia M. Altonaga
All counsel of record

---

based on constitutional provisions.

[3]      For this final issue, the parties shall discuss **each** of the three potential sources of protection:  the New York shield law, the Florida shield law, and Eleventh Circuit law. Therefore, to provide an illustration, assume that Defendants take the position that the New York shield law applies. I may disagree and conclude that the Florida shield law applies, under conflict of laws principles. If Defendants were to discuss only the New York shield law for topic three, then I would not have their legal argument on whether Plaintiff has overcome the Florida shield law protection.