UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

1:18-CV-24227-CMA-Altonaga

| | |
|---|---|
| JASON MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| GIZMODO MEDIA GROUP, LLC, | ) |
| a Delaware Corporation, KATHERINE | ) |
| KRUEGER, individually, and WILL | ) |
| MENAKER, individually, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS GIZMODO MEDIA GROUP, LLC AND KATHERINE KRUEGER'S MOTION TO AMEND THE PRETRIAL SCHEDULING ORDER**

Defendants Gizmodo Media Group, LLC and Katherine Krueger (the "Gizmodo Defendants") hereby move the Court pursuant to Fed. R. Civ. P. 16(b)(4) to amend the Court's Order Setting Trial and Pre-Trial Scheduling, Requiring Mediation, and Referring Certain matters to Magistrate Judge, entered November 7, 2018 (Dkt. No. 19) (the "Scheduling Order" or "Order") by extending the discovery deadline by one month, and modifying certain other dates set forth in the Scheduling Order, but retaining the trial date set forth in the Order. In support of the Motion, the Gizmodo Defendants state as follows:

**STATEMENT OF FACTS**

This action arises out of a September 21, 2018 news article reporting on a court filing in a custody dispute between Plaintiff and Arlene "A.J." Delgado ("Delgado") that was published by Defendant Gizmodo Media Group, LLC on its website www.SplinterNews.com, and written by Defendant Katherine Krueger, the managing editor of Splinter. Plaintiff filed his initial Complaint on October 15, 2018 (Dkt. No. 1), and the operative First Amended Complaint on

October 18, 2019 (Dkt. No. 5). On December 6, 2019, the Gizmodo Defendants filed a motion to dismiss the entire complaint for failure to state a claim (Dkt. No. 30). On the same day, Defendant Will Menaker ("Menaker") filed a motion to dismiss for lack of personal jurisdiction (Dkt. No. 31). Following additional corrected and supplemental filings, the Gizmodo Defendants' Motion was fully briefed on January 25, 2019 (Dkt. No. 71), and Menaker's Motion to Dismiss was fully briefed on February 14, 2019 (Dkt. No. 82). Oral argument was held on January 14, 2019 on the Gizmodo Defendants' Motion. Both motions are still pending, and may yet dispose of the case. Because of his pending jurisdictional challenge, Defendant Menaker has not initiated or participated in merits discovery. A mediation also took place on March 18, 2019, from which Mr. Menaker was excused (Dkt. 87). Mediation between Plaintiff and the Gizmodo Defendants resulted in an impasse (Dkt. No. 91).

In the meantime, Plaintiff and the Gizmodo Defendants (collectively, "the Parties") have actively engaged in discovery and have been working together to try and resolve discovery disputes. On March 27, the Parties appeared before Magistrate Judge Goodman to resolve a dispute over the draft stipulated Protective Order – a prerequisite to any production of confidential documents – and expect the Protective Order to be entered shortly. Magistrate Judge Goodman also directed the parties to submit briefing on April 8, 2019 regarding whether the reporter's shield law allows the Gizmodo Defendants to withhold the name of a confidential source (Dkt. 98). Still, the Parties hope to complete party discovery, at least, by May 6, 2019.

The Parties have also, however, served at least seven third-party subpoenas, only one of which has so far resulted in document productions. Moreover, on March 22, Plaintiff served Unverified Interrogatory Responses identifying eleven additional third-party witnesses, located in at least four jurisdictions, that he believes have relevant knowledge. The Gizmodo Defendants also anticipate deposing at least five additional key witnesses whose names and/or addresses it is

working to determine via pending discovery requests.

The Gizmodo Defendants submit that it will be impractical to attempt to complete document discovery, take a large number of depositions, and complete expert discovery, all in the less than six weeks remaining before the close of discovery on May 6, 2019. The Gizmodo Defendants therefore move to extend the close of discovery until June 6, 2019. Because the Scheduling Order provides that pretrial motions be filed by May 21, 2019, fifteen days after the current deadline for discovery, the Gizmodo Defendants' contemplated extension of the discovery deadline also asks for a comparable extension of this deadline, along with other pretrial deadlines set out in the Scheduling Order (with the exception of the trial date).

The Gizmodo Defendants respectfully submit herewith an amended scheduling order with proposed alternative dates consistent with the rules of this Court. In particular, the Gizmodo Defendants ask that the discovery deadline be moved to June 6, 2019, the deadline to file motions for summary judgment following the close of discovery, on June 27, 2019, with briefing to follow in accordance with the Southern District of Florida's Local Rules. The Gizmodo Defendants also propose a deadline of July 25, 2019 for pre-trial and *Daubert* motions, and a deadline of August 15, 2019 for a joint pretrial stipulation and other pretrial submissions. The Gizmodo Defendants do not request an adjournment of the September 3, 2019 trial date.

The Gizmodo Defendants conferred with counsel to Plaintiff ahead of filing this Motion. Plaintiff's counsel indicated willingness to extend the deadline for discovery until May 17, 2019, but would not agree to an extension of the remaining deadlines. The Gizmodo Defendants consider this schedule utterly impractical, as Plaintiff's proposal would call for pre-trial motions, Daubert motions, and dispositive motions to all be filed only *four days* after the close of discovery. Plaintiff's counsel also opposes the addition of a deadline for dispositive motions, presumably because he does not approve of the Gizmodo Defendants' intention to move for

3

summary judgment. The Gizmodo Defendants also conferred with counsel for Mr. Menaker, who takes no position on this motion due to Defendant Menaker's pending motion to dismiss for lack of jurisdiction (Dkt. 31). As noted, Mr. Menaker has not yet initiated or participated in merits discovery in this case due to the threshold jurisdictional question he has raised.

### ARGUMENT

Rule 16(b)(4) allows the Court to modify its Scheduling Order for good cause. There is good cause to extend the discovery deadline by one month to allow the Parties to complete written discovery, hold depositions of party and third-party witnesses, and complete expert discovery. There is also good cause to modify other dates in the Scheduling Order to provide for the filing of contemplated motions for summary judgment pursuant to Rule 56.

WHEREFORE, the Gizmodo Defendants respectfully request this Court enter an Order granting this motion by extending the fact discovery deadline up through and including June 6, 2019 and by modifying other affected deadlines currently scheduled by the Scheduling Order, as set forth in the proposed Order attached as Ex. A.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), counsel for the Gizmodo Defendants conferred with counsel for Menaker and with counsel for Plaintiff regarding the relief requested herein. Counsel for Plaintiff refused to join this Motion or to consent to the relief requested herein, other than to agree to extend the discovery deadline to May 17, 2019. Counsel for Menaker took no position on the Motion.

Respectfully submitted,
March 28, 2019

/s/ *Elizabeth A. McNamara*  
Elizabeth A. McNamara (*pro hac vice*)

/s/ *Deanna K. Shullman*  
Deanna K. Shullman (Florida Bar No. 514462)

Katherine M. Bolger (*pro hac vice*)
Claire K. Leonard (*pro hac vice*)
DAVIS WRIGHT TREMAINE
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Telephone: (212) 489-8230
lizmcnamara@dwt.com
katebolger@dwt.com
claireleonard@dwt.com

*Attorneys for Defendants Gizmodo Media Group, LLC and Katherine Krueger*

Rachel Fugate (Florida Bar. No. 144029)
Giselle M. Girones (Florida Bar. No. 124373)
SHULLMAN FUGATE PLLC
2101 Vista Parkway, Suite 4006
West Palm Beach, FL 33411
Telephone: (561) 429-3619
dshullman@shullmanfugate.com
rfugate@shullmanfugate.com
ggirones@shullmanfugate.com

*Attorneys for Defendants Gizmodo Media Group, LLC and Katherine Krueger*

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2019, a true and correct copy of the foregoing has been served by CM/ECF on all counsel or parties of record on the service list.

*/s/Deanna K. Shullman*

Deanna K. Shullman
Florida Bar No. 514462

## SERVICE LIST

*Attorneys for Plaintiff* :

Kenneth G. Turkel, Esq.
kturkel@bajocuva.com
Shane B. Vogt, Esq.
shane.vogt@bajocuva.com
BAJO CUVA COHEN TURKEL
100 N. Tampa Street, Ste. 1900
Tampa, FL 33602
Telephone: (813) 443-2193

*Attorneys for Defendant Will Menaker:*

Charles D. Tobin, Esq.
tobinc@ballardspahr.com
Chad R. Bowman, Esq. (*pro hac vice*)
bowmanchad@ballardspahr.com
Maxwell S. Mishkin, Esq. (*pro hac vice*)
mishkinm@ballardspahr.com
BALLARD SPAHR LLP
1909 K Street, NW, 12th Floor
Telephone: (202) 661-2218

4850-7411-3932v.3 0109559-000002

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:18-cv-24227-CMA

JASON MILLER,

    Plaintiff,

      v.

GIZMODO MEDIA GROUP, LLC,
a Delaware Corporation, KATHERINE
KRUEGER, individually, and
WILL MENAKER, individually,

    Defendants.
_____/

**[PROPOSED] SCHEDULING ORDER**

THIS CAUSE is set for trial during the Court's two-week trial calendar beginning on **September 3, 2019**. Calendar call will be held at **9:00 a.m. on Tuesday, August 27, 2019**. No pre-trial conference will be held unless a party requests one and the Court determines one is necessary. The parties shall adhere to the following schedule:

    **April 8, 2019**. Parties exchange expert witness summaries or reports.

    **April 22, 2019**. Parties exchange rebuttal expert witness summaries or reports.

    **June 6, 2019**. All discovery, including expert discovery, is completed.[1]

    **May 13, 2019**. Parties must have completed mediation and filed a mediation report.

    **June 27, 2019**. Dispositive motions filed. Briefing on any dispositive motions will follow the schedule provided for under Local Rule 7.1(c).

    **July 25, 2019**. All pre-trial motions and *Daubert* motions (which include motions to strike experts) are filed. Each party is limited to filing one *Daubert* motion. If all evidentiary issues cannot be addressed in a 20-page memorandum, leave to exceed the

---

[1] The parties by agreement, and/or Magistrate Judge Goodman, may extend this deadline, so long as such extension does not impact any of the other deadlines contained in this Scheduling Order.

page limit will be granted. **The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification.**

**August 15, 2019**. Parties submit joint pre-trial stipulation, proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable, and motions *in limine* (other than *Daubert* motions). Each party is limited to filing one motion *in limine* which may exceed the page limits allowed by the Rules. **The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification.**

**Jury Instructions and Verdict Form**. The parties shall submit their proposed jury instructions and verdict form jointly, although they need not agree on each proposed instruction. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. Instructions proposed only by a plaintiff shall be underlined. Instructions proposed only by a defendant shall be italicized. Every instruction must be supported by citation to authority. The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel contained therein. Proposed jury instructions and verdict form, in typed form, including substantive charges and defenses, shall be submitted to the Court prior to calendar call, in Word format, via e-mail to altonaga@flsd.uscourts.gov. Instructions for filing proposed documents may be viewed at http://www.flsd.uscourts.gov.

**Referral to Magistrate Judge**. Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, all discovery matters are referred to Magistrate Judge Jonathan Goodman. Furthermore, in accordance with 28 U.S.C. § 636(c)(1), the parties may consent to trial and final disposition by Magistrate Judge Goodman. **The deadline for submitting a consent is May 21, 2019**.

**Discovery**. The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above. Stipulations that would so interfere may be made only with the Court's

approval. *See* FED. R. CIV. P. 29. In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of deposition with the Court. Strict compliance with the Local Rules is expected, particularly with regard to motion practice. *See* S.D. FLA. L.R. 7.1.

**Discovery Disputes**. Magistrate Judge Goodman holds a regular discovery calendar. **No written discovery motions, including motions to compel, for protective order, or related motions for sanctions shall be filed unless the Magistrate Judge so directs at his discovery calendar.** Counsel must actually confer and engage in reasonable compromise in a genuine effort to resolve their discovery disputes before noticing the dispute for the discovery calendar. The Court may impose sanctions, monetary or otherwise, if it determines discovery is being improperly sought or is being withheld in bad faith. If, after conferring, the parties are unable to resolve their discovery dispute without Court intervention, they shall not file written motions. Rather, the "moving party" shall contact the chambers of Magistrate Judge Goodman at (305) 523-5720 and place the matter on the next available discovery calendar.

**DONE AND ORDERED** in Miami, Florida, this ____ day of _____, 2019.

                                                              _____
                                                              **CECILIA M. ALTONAGA**
                                                              **UNITED STATES DISTRICT JUDGE**

cc: counsel of record