UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18-24227-CIV-ALTONAGA/GOODMAN

JASON MILLER,

    Plaintiff,

v.

GIZMODO MEDIA GROUP, LLC, et al.,

    Defendants.

_____/

## CONFIDENTIALITY ORDER[1]

The following Confidentiality Order shall govern these proceedings:

1. **Scope.** This Order shall govern certain information produced or disclosed by any party or non-party to this legal action and/or their counsel, including but not limited to, documents, electronically stored information, and things produced, answers to interrogatories, responses to requests for production, and deposition and other

---

[1] This Order arises from a March 27, 2019 discovery hearing involving a dispute over three paragraphs of an unsuccessful confidentiality agreement. After discussion, the parties advised that a Court-issued Protective Order, rather than a Confidentiality Agreement to which they could not agree, would be the preferred mechanism to govern confidentiality concerns. Based on that, the Undersigned has resolved those three disputes and memorialized the rulings in this Confidentiality Order. The rulings concern paragraphs 2, 5(c), and 11. In addition, the Undersigned modified and edited some of the language in this Order, such as by changing references to "Agreement" to "Order" and by making substantive changes to paragraphs 4 and 7.

testimony disclosed through discovery in this case ("Discovery Material"). Discovery Material will be used for no other purpose than this litigation.

2. **Confidential Material.** Any party or non-party producing or exchanging Discovery Material may designate all or any portion of it as "Confidential" or "Confidential: Attorney's Eyes Only," indicating that such Discovery Material is commercially sensitive or otherwise confidential. In the case of a "Confidential: Attorney's Eyes Only" designation, the designating party additionally has reason to believe disclosure of the Discovery Material should be limited to counsel for the receiving party because the material contains commercially sensitive material, the disclosure of which may result in competitive harm to the designating party or its interests. Discovery Material which is or becomes public due to circumstances independent of this legal action shall not be designated "Confidential" or "Confidential: Attorney's Eyes Only." Any non-party witnesses who are called upon to produce their own confidential or proprietary information may opt-in to the protections of this Order with respect to such information by advising all counsel in this action in writing.

3. **Designation of Confidential Material.**

a) <u>Documents and Things</u>: The designation of documents as confidential shall be made by stamping or affixing "Confidential" or "Confidential: Attorney's Eyes Only" onto each page of the document. Where Discovery Material is produced on electronic media, such as a CD, diskette, tape, USB storage device or hard drive, the marking of the

electronic media as "Confidential" or "Confidential: Attorney's Eyes Only" shall be deemed sufficient to protect the information so designated. Failure to designate Discovery Material when it is initially produced shall not constitute a waiver of the right to later designate it or the information therein, but the receiving party's disclosure of the Discovery Material or its contents during such intervening time period shall not constitute a violation of this Order.

      b)    <u>Deposition Testimony</u>: If a question or answer at a deposition contains confidential information, counsel for a party, a non-party or counsel for a non-party with an interest in protecting such confidential information may designate orally (on the record at the deposition) that the information provided in such question or answer is "Confidential" or "Confidential: Attorney's Eyes Only." Counsel shall have 20 days after receipt of any deposition transcript to designate other information provided in a question or answer as "Confidential" or "Confidential: Attorney's Eyes Only," and shall designate such confidential information by providing the opposing party and court reporter with page numbers and lines of any testimony to be designated. The court reporter shall mark the cover of the original and all copies of the transcript or the portion of the transcript containing testimony designated as "Confidential" or "Confidential: Attorney's Eyes Only" (either at or following the deposition) with the appropriate legend. Until such designations are made, neither the transcript nor the contents or substance of the deposition or other testimony may be disclosed by the non-designating party to any

person other than those named or approved according to Paragraph 5 or 6 herein. Whenever "Confidential" or "Confidential: Attorney's Eyes Only" material is to be discussed or disclosed in a deposition or other hearing or proceeding, any party or non-party who has produced or will produce such material may require the exclusion from the room of any individual who is not entitled to access to such material under this Order.

      c)      Nothing in this Order shall preclude or impede outside counsel's ability to communicate with or advise their clients or decision makers for such clients based upon counsel's review and evaluation of Discovery Material designated as "Confidential" or "Confidential: Attorney's Eyes Only." For any Discovery Material designated "Confidential: Attorney's Eyes Only," outside counsel may discuss with the employees and officers of such clients who have responsibility for managing the lawsuit, or those persons who have responsibility for making decisions about possible settlement of the lawsuit, the general nature of the Discovery Material so designated, without disclosing the specifics of any such information, to the extent such disclosure is necessary for effectively advising such clients and their decision makers.

      4.      **Right to Challenge Confidentiality.** Any party may challenge another party's designation that confidential material should be entitled to protection under this Order. If a receiving party disagrees with the designation of the Discovery Material as being "Confidential" or "Confidential: Attorney's Eyes Only," then the receiving party may give notice in writing of the Discovery Material being challenged to the producing

party specifying the confidential information at issue. If the parties are unable to resolve the disputed issues, then the challenging party may seek a determination from the Undersigned as to whether the material should be accorded protection under the terms of this Order by invoking the Undersigned's Discovery Procedures Order. [ECF No. 20]. Pending determination by the Court and, if appealed, the appellate court, as to whether the confidential material has been properly designated, the confidential material being challenged shall be treated in all respects as protected under the terms of this Order, including but not limited to the requirement of filing under seal as described in Paragraph 7 below, if necessary.

5. **Access to "Confidential" Materials.** Discovery Material designated "Confidential" shall be used solely for purposes of this litigation and shall not be disclosed to any person except:

   a) the parties, the corporate officers, and employees of the parties who have responsibility for managing or working on the case, or who have responsibility for making decisions about possible settlement of the case;

   b) counsel for the parties, and their necessary support personnel;

   c) a testifying witness or deponent;

   d) experts and consultants retained by a party in connection with this litigation who execute the Acknowledgment attached as **Exhibit A**;

   e) interpreters or translators required by counsel for purposes of the case;

    f)    court reporters and videographers, solely for the purpose of transcribing and/or recording testimony in this legal action;

    g)    any mediator, during preparation for or while presiding over a mediation conference;

    h)    the Court and court personnel (only pursuant to Paragraph 7 below); and

    i)    other persons as ordered by the Court or agreed to in writing or on the record by the parties.

6. **Access to "Confidential: Attorney's Eyes Only" Materials.** Materials designated "Confidential: Attorney's Eyes Only" must be retained by counsel for the receiving party and must not be furnished, shown or disclosed by such counsel to any other person, except that, and solely for purposes of this action, any information so designated may be disclosed by counsel to:

    a)    the Court and court personnel (only pursuant to Paragraph 7 below);

    b)    outside counsel for the parties and their necessary support personnel;

    c)    a testifying witness or deponent who first testifies to have independent knowledge of the material;

    d)    interpreters or translators required by counsel for purposes of the case;

    e)    court reporters and videographers, solely for transcribing and/or recording testimony in this legal action;

    f)    any mediator, during preparation for or while presiding over a mediation

6

conference;

g) experts and consultants retained by a party in connection with this litigation who execute the Acknowledgment attached as **Exhibit A.**

7. **Filing Confidential Material.** No Discovery Material designated as "Confidential" or "Confidential: Attorney's Eyes Only" shall be filed with the Court unless there is an agreement of the parties or an order of the Court, which shall be in compliance with Southern District of Florida Local Rule 5.4. If any party wishes to file such material, that party's counsel shall so advise the designating party's counsel, and counsel will confer in an effort to agree upon a procedure to maintain the confidentiality of the designated Discovery Material, or to otherwise reach an agreement as to the filing procedure. If no agreement is reached, then no party shall file any Discovery Material designated as "Confidential" or "Confidential: Attorney's Eyes Only" until the Court has resolved whether such materials are properly confidential. After that, the party seeking to file such Discovery Material shall do so in accordance with the Court's ruling, filing such material publicly, or under seal, as appropriate. The party designating the material as "Confidential" or "Confidential: Attorney's Eyes Only" shall have the burden to justify that the material should be filed under seal.

No provisions in this Order, however, are to be construed as to supersede the requirements and procedures in Local Rule 5.4. Submissions filed with the Clerk's office are presumptively open and accessible to the public. A party seeking to file material

under seal shall have the burden of demonstrating why sealing is necessary -- especially if the material is filed in connection with a request for a substantive ruling, like a summary judgment motion.

8.      **No Public Disclosure.** No person will make a public disclosure of any Discovery Material designated as "Confidential" or "Confidential: Attorney's Eyes Only" pursuant to this Order without an order of the Court or as stipulated by the parties. If any person subject to this Order is served with a subpoena, demand, or other legal process in another action seeking Discovery Material so designated, then that person shall give prompt written notice to counsel for the producing party and shall object to its production. Upon receipt of written notice, counsel for the producing party shall inform the person who is to respond to the subpoena in writing. Thereafter, the producing party shall assume responsibility for preserving and prosecuting any objection to the subpoena or demand. The person served shall be obligated to cooperate to the extent necessary to preserve the confidentiality of the Discovery Material.

9.      **Conclusion of the Legal Action.** All Discovery Material produced or exchanged hereunder and all copies thereof shall be returned to the producing party, deleted, and destroyed within 30 days following the dismissal, judgment or award, or other conclusion of this action. Notwithstanding the termination of this litigation, the obligations imposed by this Order shall remain in full force and effect subject only to modification by the parties and the Court. Outside counsel of record in this action for

each party may retain one set of correspondence, papers filed with the Court, transcripts and exhibits, following final termination of the action solely for archival purposes.

10. **Modification or Termination**. Any specific part or parts of the restrictions of this Order may be modified, amended or terminated by a written stipulation signed by counsel for all the parties and filed with the Court for review and approval.

11. **Jane Doe.** Other than for legitimate use prosecuting or defending this lawsuit, the parties agree to maintain the identity of "Jane Doe," her address, and her personal identifying information "Confidential" under this Order. Any pleadings or other papers publicly filed in the court record shall not use "Jane Doe's" legal name or disclose her address or other personal identifying information. If any party needs to disclose her name in a court filing, then the parties shall comply with the procedure outlined in Paragraph 7 before disclosing the identity of "Jane Doe," her address or her personal identifying information in any court filings or any public proceeding or hearing in this case.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on March 28, 2019.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Cecilia M. Altonaga
All counsel of record

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### CASE NO. 18-24227-CIV-ALTONAGA/GOODMAN

JASON MILLER,

    Plaintiff,

v.

GIZMODO MEDIA GROUP, LLC, et al.,

    Defendants.

_____/

**Exhibit "A"**

**ACKNOWLEDGMENT**

I, _____, state that:

    1.    I have received a copy of the Confidentiality Order in this lawsuit, and I have read and understand its provisions, a copy of which is appended hereto.

    2.    I agree to be bound by, and will comply with, all provisions of the Confidentiality Order and subject myself to the jurisdiction of the Court for all purposes related to the Confidentiality Order.

    3.    I will hold in confidence, will not disclose to anyone not qualified under the Confidentiality Order, and will use only for purposes of this lawsuit, any information designated as "Confidential" or "Confidential: Attorney's Eyes Only" that is disclosed to me.

_____
(Signature)

_____
(Date)