UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-24227-CIV-ALTONAGA/Goodman

JASON MILLER,

    Plaintiff,
v.

GIZMODO MEDIA GROUP, LLC; *et al.*,

    Defendants.
_____/

## AMENDED SCHEDULING ORDER

**THIS CAUSE** came before the Court on Defendants' Motion to Amend the Pre-Trial Scheduling Order [ECF No. 99], filed March 28, 2019. Defendants ask the Court to extend discovery, pre-trial deadlines, and the trial date set forth in the Order Setting Trial and Pre-Trial Deadlines [ECF No. 19]. Plaintiff agrees only to an extension of the discovery deadline, not any other deadlines. (*See* Mot. 4).

The Court agrees the protracted nature of the parties' discovery disputes warrants an extension of the discovery deadline. The natural consequence of extending the period of discovery is the need for an extension of all other pre-trial deadlines and the trial date that follow the close of discovery. Therefore, to better manage the orderly progress of the case, it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Amend the Pre-Trial Scheduling Order **[ECF No. 99]** is **GRANTED** as follows:

1. The case is set for trial during the Court's two-week trial calendar beginning on **September 3, 2019**. Calendar call will be held at **9:00 a.m. on Tuesday, August 27, 2019**. No pre-trial conference will be held unless a party requests one and the

Court determines that one is necessary. The parties shall adhere to the following schedule:

    a. **April 8, 2019**. Parties exchange expert witness summaries or reports.

    b. **April 22, 2019**. Parties exchange rebuttal expert witness summaries or reports.

    c. **June 6, 2019**. All discovery, including expert discovery, is completed.[1]

    d. **June 27, 2019**. All pre-trial motions and *Daubert* motions (which include motions to strike experts) are filed. Each party is limited to filing one *Daubert* motion. If all evidentiary issues cannot be addressed in a 20-page memorandum, leave to exceed the page limit will be granted. **The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification.**

    e. **August 15, 2019**. Parties submit joint pre-trial stipulation, proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable, and motions *in limine* (other than *Daubert* motions). Each party is limited to filing one motion *in limine* which may exceed the page limits allowed by the Rules. **The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification.**

    **<u>Jury Instructions and Verdict Form</u>**. The parties shall submit their proposed jury instructions and verdict form jointly, although they need not agree on each proposed instruction. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. Instructions proposed only by a plaintiff shall be underlined. Instructions proposed only by

---

[1] The parties by agreement, and/or Magistrate Judge Goodman, may extend this deadline, so long as such extension does not impact any of the other deadlines contained in this Scheduling Order.

a defendant shall be italicized. Every instruction must be supported by citation to authority. The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel contained therein. Proposed jury instructions and verdict form, in typed form, including substantive charges and defenses, shall be submitted to the Court prior to calendar call, in Word format, via e-mail to altonaga@flsd.uscourts.gov. Instructions for filing proposed documents may be viewed at http://www.flsd.uscourts.gov.

**Referral to Magistrate Judge**. Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, all discovery matters are referred to Magistrate Judge Jonathan Goodman. Furthermore, in accordance with 28 U.S.C. § 636(c)(1), the parties may consent to trial and final disposition by Magistrate Judge Goodman. **The deadline for submitting a consent is June 27, 2019**.

**Discovery**. The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above. Stipulations that would so interfere may be made only with the Court's approval. *See* FED. R. CIV. P. 29. In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of deposition with the Court. Strict compliance with the Local Rules is expected, particularly with regard to motion practice. *See* S.D. FLA. L.R. 7.1.

**Discovery Disputes**. Magistrate Judge Goodman holds a regular discovery calendar. **No written discovery motions, including motions to compel, for protective order, or related motions for sanctions shall be filed unless the Magistrate Judge so directs at his discovery calendar.** Counsel must actually confer and engage in reasonable compromise in a genuine effort to resolve their discovery disputes before noticing the dispute for the discovery calendar. The

CASE NO. 18-24227-CIV-ALTONAGA/Goodman

Court may impose sanctions, monetary or otherwise, if it determines discovery is being improperly sought or is being withheld in bad faith. If, after conferring, the parties are unable to resolve their discovery dispute without Court intervention, they shall not file written motions. Rather, the "moving party" shall contact the chambers of Magistrate Judge Goodman at (305) 523-5720 and place the matter on the next available discovery calendar.

**DONE AND ORDERED** in Miami, Florida, this 29th day of March, 2019.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record