## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 18-24227-CIV-ALTONAGA/GOODMAN

JASON MILLER,

      Plaintiff,

v.

GIZMODO MEDIA GROUP, LLC, et al.,

      Defendants.

_____/

### <u>POST-DISCOVERY HEARING ADMINISTRATIVE ORDER</u>

On May 17, 2019, the Undersigned held a hearing on the parties' discovery disputes. [ECF No. 132]. At the hearing, the Undersigned **ordered**[1] as follows:

**Issue 1**. By May 20, 2019, Plaintiff shall deliver to Arlene Delgado's counsel a copy of the confidentiality order and attachment, and Arlene Delgado's counsel shall sign the attachment by May 22, 2019.

**Issue 2**. If Alina Delgado submits her statement regarding the subpoena in the form of a declaration or affidavit (to confirm the statement she made in her letter about not having documents responsive to the subpoena [ECF No. 130-1]), then that would

---

[1]     The issues mentioned in this order correspond to the issues listed in Plaintiff's Second Amended Notice of Hearing. [ECF No. 126].

resolve the subpoena issue. If Alina Delgado is not a lawyer, then Arlene Delgado's counsel can facilitate the delivery of the declaration or affidavit to Plaintiff's counsel.[2]

**Issue 3**. No rulings are needed concerning Issue 3.

**Issue 4**. Ruling is reserved on Issue 4 pending the procedure outlined in Issue 1.

**Issue 5**. By May 20, 2019, Plaintiff shall file under seal the confidential document the Undersigned reviewed during the hearing. Then, Plaintiff may file what he deems appropriate to seek further review of the issue flagged in the shield-law order concerning the fundamental question of whether the material was received in confidence.

The Undersigned's Discovery Procedures Order [ECF No. 20] does not permit discovery motions or memoranda without leave of Court, and the Undersigned has now authorized Plaintiff to file an appropriate submission concerning the issue of whether the person who forwarded a copy of Arlene Delgado's publicly-filed supplement to Defendant Katherine Krueger did so "in confidence." (Miller contends that the New York shield law and other legal doctrines protecting journalists asked to reveal the identities of their confidential sources are inapplicable if the information was not in fact received "in confidence.")

---

[2]     Arlene Delgado's attorney facilitated the filing of Alina Delgado's letter even though he does not represent her. At the discovery hearing, he agreed to continue in the facilitator role in order to arrange for the letter to be converted into an affidavit or declaration and to send it to Plaintiff's counsel.

If Plaintiff is going to follow through on his position that the document was not received in confidence, then the parties' legal memoranda shall include discussion and analysis on the following topics:

1.      For purposes of the New York shield law,[3] what, exactly, does it mean to receive information "in confidence"?

2.      When a reporter receives information and/or documents from a person being interviewed, is there a *presumption* that the communications are "on the record" (and that the reporter may therefore disclose the identity of the person providing the information and/or document)?

3.      What specific type of agreement or promise must a reporter make with or to the person providing information to convert the exchange into one where information is received "in confidence"?

4.      Is there a recognized journalistic doctrine that there can be an *implied* or inferred promise that material is being received "in confidence"?

5.      If there is such a doctrine acknowledged in journalism, then is it recognized under New York law?

6.      Did Defendant Krueger, Splinternews.com, and/or Gizmodo Media Group LLC have any policies or guidelines concerning the use of confidential sources, and, if so, are those policies and/or guidelines written?

---

[3]      N.Y. Civil Rights Law § 79-h(b).

7.      Did Krueger, Splinternews.com, and/or Gizmodo Media Group LLC have at relevant times a policy expressing a *preference* for on-the-record information, and, if so, was it a written policy or guideline?

8.      Did Krueger try to persuade the person who gave her a copy of the court filing that Arlene Delgado filed in state circuit family court to go "on the record" about providing the document?

9.      Alternatively, did Krueger try to dissuade the source from demanding confidentiality if that source requested that his or her identity remain confidential?

10.     If the source asked for confidentiality, then did Krueger ask the source why he or she needed that status if he or she was merely providing only a copy of a publicly-filed court document?

11.     Did Krueger discuss the confidential source nature of the news article in question with her editor or supervisor before the article was published and, if so, what information was provided and what discussions occurred?

12.     Did Splinternews.com and/or Gizmodo have in place at relevant times a view that using anonymous or confidential sources is a last resort?

13.     Did Krueger receive any training from, or facilitated by, Splinternews.com and/or Gizmodo about the use of confidential sources, and, if so, what training was

provided, was any of it in writing, and did the training in any way express a preference

for on-the-record attribution, as opposed to confidential, off-the-record status?[4]

**DONE AND ORDERED** in Chambers, in Miami, Florida, on May 20, 2019.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Cecilia M. Altonaga
All counsel of record

---

[4]      At the discovery hearing, Miller's counsel advised that they had already taken Krueger's deposition and that her testimony established, at least in their view, that the information was not received by her "in confidence." Because counsel obtained Krueger's deposition testimony, the Undersigned assumes that they asked her the questions that would have yielded the information necessary to adequately address all the issues flagged here in this order.

Given this assumption, any briefing by either side on the issue of whether Krueger received a copy of Delgado's supplement "in confidence" should reference the specific page and line numbers from Krueger's deposition and include a copy of the transcript.