UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-24227-CIV-ALTONAGA/Goodman

**JASON MILLER**,

    Plaintiff,
v.

**GIZMODO MEDIA GROUP, LLC**; *et al.*,

    Defendants.
_____/

## **ORDER**

On April 24, 2019, the Court entered an Order [ECF No. 110] denying Defendants, Gizmodo Media Group, LLC and Katherine Krueger's Motion to Dismiss [ECF No. 44]. The Court concluded Defendants failed to meet their burden to benefit from New York's fair reporting privilege because the Article was not a substantially fair and true report of the Supplement. (*See generally* Order). A few weeks later, Defendants filed an Amended Motion for Partial Reconsideration [ECF No. 117], asking the Court to reconsider her decision. The Court has carefully considered the parties' submissions, including Plaintiff, Jason Miller's Response [ECF No. 137], Defendants' Reply [ECF No. 138], the record, and applicable law.

Defendants inform the undersigned she "misread[] the actual content of the Article and the Supplement and misapplie[d] settled New York law" by concluding the Article was not entitled to New York's absolute fair reporting privilege. (Mot. 1–2 (alterations added)). The undersigned's "errors of fact and law" should therefore be reconsidered. (*Id.* 6). Defendants do not stop there. They also ask the undersigned, as an alternative, to take the extraordinary measure of certifying a question of *state* law for an interlocutory appeal to the Eleventh Circuit Court of Appeals under 28 U.S.C. section 1292(b). (*See id.* 19). The Court addresses these dissensions in order.

First, the heart of Defendants' Motion, reconsideration. Reconsideration is "granted only in extraordinary circumstances and is committed to the sound discretion of the district judge." *Reiseck v. Universal Commc'ns of Miami, Inc.*, 141 F. Supp. 3d 1295, 1301 (S.D. Fla. 2015) (internal quotation marks and citations omitted). "[T]here are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (alteration added; citations omitted).

Defendants move the Court to reconsider her decision on New York's absolute privilege on the third basis — the need to correct clear error. (*See generally* Mot.). Tellingly, Defendants recognize they did not thoroughly brief the issue of substantial accuracy until now. In Defendants' own words, "[b]riefing on the 'fair and true' component of New York's privilege was limited to less than two paragraphs in Defendants' briefs . . . ." (Reply 2 (alterations added)). Defendants go on to state, "the Court rested its decision on a question of law that was never properly briefed or argued, leading it to misapprehend settled principles of New York law." (*Id.* 2–3).

Defendants fail to explain how their decision to devote limited space in their Motion to Dismiss to an *essential element of an affirmative defense* now entitles them to relief on a motion for reconsideration. The law compels the opposite conclusion, for parties "cannot use" a motion for reconsideration to "raise argument[s] . . . that could have been raised" earlier. *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (alterations added; citations omitted). Again, parties like Defendants "who fail[] to present [their] strongest case in the first instance generally [have] no right to raise new theories or arguments in a motion for reconsideration." *Almonor v. BankAtlantic Bancorp, Inc.*, No. 07-61862-CIV, 2009 WL 10666974, at *2 (S.D. Fla. Oct. 1, 2009) (internal quotation marks and citation omitted; alterations

2

added)).

Plaintiff and Defendants rely on cases never previously referenced and new arguments on the question whether the Article is a substantially fair and true report of the Supplement. (*See generally* Mot.; *see also* Resp.). Plaintiff even asks the Court for the opportunity to supply additional briefing on the issue, to preserve his arguments and prevent any possible prejudice. (*See id.* 15). Given this backdrop, the Court will not be placed in a position to hastily reconsider the issue now, especially as the deadline for the parties' submissions of summary judgment briefing is fast approaching. *See Carter v. Premier Rest. Mgmt.*, No. 2:06-CV-212-FTM, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006) ("Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." (internal quotation marks and citation omitted)).

Another point is worth expounding. The principal case on which Defendants rely in support of their Motion is *Holy Spirit Association for Unification of World Christianity v. New York Times Company*, 49 N.Y.2d 63, 67–68 (1979). While the parties dispute *Holy Spirit*'s import here, one fact is undisputed — the decision affirmed the trial court's application of New York's absolute privilege at *summary judgment*. *See id.* at 68.

Undeterred by this significant procedural difference in the cases, Defendants insist the undersigned committed manifest error by not faithfully applying *Holy Spirit* at the *motion-to-dismiss* stage. Even though New York's absolute privilege is inspired by First Amendment principles, the privilege is ultimately a defense from liability, not a defense from suit. In short, any manifest error the undersigned purportedly committed may be cured at the same procedural stage as the binding decision leading the Court "to misapprehend settled principles of New York

3

law." (Reply 4).[1]

Next, section 1292(b) certification. Such appeals "were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) (citations omitted). In other words, the "legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." *Id.* Just as "permitting piecemeal appeals is bad policy," so, too, "permitting liberal use of § 1292(b) interlocutory appeals is bad policy." *Id.* Section 1292(b) is so disfavored that "certification is wholly discretionary with both the district and [the Eleventh Circuit]" *even where* the traditional elements are met. *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1358 (11th Cir. 2008) (alteration added; footnote call number omitted).

New York's absolute privilege is not as abstract a question as Defendants claim it to be. As part of the analysis, a presiding judge must review both the Article and the Supplement. Then, a presiding judge must ask whether one would have a different effect on the average reader than the other. What's more, that is just *one* element of the affirmative defense. Defendants seem to recognize that involved law-to-fact analysis is required, asking the Court to identify the specific statements in the Article that are protected by the privilege and those that are not. (*See* Mot. 17).

Nor will certification materially advance the case. Discovery is almost complete, and the parties are in all likelihood already preparing motions for summary judgment, due in a month's

---

[1] For the same reason, Defendants' request for clarification on what specific statements in the Article are protected by the fair report privilege (*see* Mot. 17–18), is best suited for summary judgment. The Court did not circumscribe her initial holding to specific statements in the Article. (*See generally* Order). *If* this, too, was a manifest error, Defendants can cure it on summary judgment, rather than have the Court address new arguments for the first time on a reconsideration motion.

time. Even if the Eleventh Circuit resolved the substantial accuracy question in Defendants' favor, that decision would only be remanded for the undersigned to resolve the nuanced issue of the application of New York's absolute privilege to arguably sealed filings in a paternity case in family court. There would be no greater waste of time and resources than the Court certifying such a limited and non-dispositive question to the Eleventh Circuit. *See Davis v. State Farm Ins.*, No. 11-cv-3401, 2013 WL 775524, at *5 (E.D. Pa. Mar. 1, 2013) (denying request for section 1292(b) certification on absolute privilege to defamation where discovery had already occurred).

In truth, Defendants' request for interlocutory certification is an extension of their disapproval of the Court's disposition of the privilege question at the pleading stage. On this point, the Court sees no reason to stray from her initial decision, which merely applied a principle recognized in New York courts: "Application of the fair reporting privilege is inappropriate at the motion to dismiss stage if a reasonable jury could conclude that the report suggested more serious conduct than that actually suggested in the judicial proceeding." *Bilinski v. Keith Haring Found., Inc.*, 96 F. Supp. 3d 35, 49 (S.D.N.Y.), *aff'd in part*, 632 F. App'x 637 (2d Cir. 2015) (internal quotation marks, citation, and alteration omitted). As this case is far from exceptional, and judicial economy compels retaining the case here for further proceedings, Defendants' request for interlocutory certification is denied.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion [**ECF No. 117**] is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 5th day of June, 2019.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record