UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-24227-CIV-ALTONAGA/Goodman

**JASON MILLER**,

      Plaintiff,
v.

**GIZMODO MEDIA GROUP, LLC**; *et al.*,

      Defendants.
_____/

## **ORDER**

**THIS CAUSE** came before the Court on Defendants, Gizmodo Media Group, LLC's and Katherine M. Kreuger's Uncontested Motion to File Information Designated by Plaintiff as Confidential Under Seal [ECF No. 150], filed June 26, 2019. Defendants ask that they be allowed to file under seal portions of the depositions of Jason Miller, Kelly Miller, Arlene Delgado and Lawrence Carnevale, that Plaintiff has designated as confidential. (*See* Mot. 1–2). Defendants "have incorporated some of the designated testimony into the [Motion for Summary Judgment]." (*Id.* 2 (alteration added)). Defendants "also intend to attach and file the pages of the deposition transcripts containing the designated testimony as Exhibits to their [Motion for Summary Judgment]." (*Id.* (alteration added)).

Defendants state their "Motion for Summary Judgment relies heavily on the designated testimony. If Defendants are required to redact the designated testimony that has been incorporated into their Motion and/or are not permitted to attach the deposition transcripts as Exhibits to the Motion, much of the Motion will become unreadable and incomprehensible." (*Id.* 3).

CASE NO. 18-24227-CIV-ALTONAGA/Goodman

Material filed with the Court "is subject to the common law right of access." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (citation omitted; alteration added). To file the deposition testimony under seal, Defendants must therefore show good cause to overcome the presumption of public access. *See id.*; *Schojan v. Papa John's Int'l, Inc.*, No. 8:14-cv-1218-T-33MAP, 2014 WL 4674340, at *1–2 (M.D. Fla. Sept. 18, 2014) (denying motion to seal pre-trial motion despite the plaintiff's assertions the motions and exhibits were subject to a confidentiality agreement and protective order). Defendants have not done so.

The Court is hard-pressed to see how it can rule on a motion for summary judgment based on information presented under seal, without revealing that information in any order on the motion. The order will certainly not be filed under seal, and to the extent Defendants wish to use the deposition testimony as a basis for granting summary judgment, the Court will necessarily have to touch on those matters in its written and very public order. Therefore, deposition testimony that is necessary to a motion for summary judgment may not be designated "Confidential."

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Motion **[ECF No. 150]** is **DENIED**. No documents the parties wish the Court to consider in evaluating Plaintiff's forthcoming motion for summary judgment may be filed under seal. The confidentiality designations for disposition testimony cited in the motion for summary judgment, the response, and any reply shall be removed. This Order shall not be filed under seal. This Order does not otherwise modify the Confidentiality Order [ECF No. 100], entered March 29, 2019.

CASE NO. 18-24227-CIV-ALTONAGA/Goodman

**DONE AND ORDERED** in Miami, Florida, this 27th day of June, 2019.

*[signature: Cecilia M. Altonaga]*

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record