UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:18-cv-24227-CMA

JASON MILLER,

    Plaintiff,

      v.

GIZMODO MEDIA GROUP, LLC,
a Delaware Corporation, KATHERINE
KRUEGER, individually, and
WILL MENAKER, individually,

    Defendants.
_____/

### PLAINTIFF'S UNOPPOSED MOTION FOR CLARIFICATION OF JUNE 27, 2019 ORDER [DOC. 151] AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Jason Miller ("Miller"), as a result of a disagreement between the parties concerning this Court's Order entered June 27, 2019 [Doc. 151] (the "Order"), which denied Defendants, Gizmodo Media Group, LLC's and Katherine M. Kreuger's (collectively, "Gizmodo Defendants") Uncontested Motion to File Information Designated by Plaintiff as Confidential Under Seal, respectfully requests clarification of the Order and states as follows:

### Introduction

In the Order, Her Honor ruled that confidentiality designations for deposition testimony cited in any motions for summary judgment, responses thereto, and any replies "shall be removed." [Doc. 151 at p. 2] As set forth below, the parties disagree on the meaning of this provision. Although Miller does not anticipate using any deposition testimony designated confidential in his response to Gizmodo Defendants' summary judgment motion [Doc. 155], Gizmodo Defendants indicated they may need to cite confidential deposition testimony in response to Miller's partial

{BC00219594:1}

summary judgment motion [Doc. 152], or in reply to Miller's response to their summary judgment motion. The deadline for Gizmodo Defendants' response to Miller's partial summary judgment motion is Thursday, **July 11, 2019**.

### The Disagreement Over the Order

Gizmodo Defendants interpret the Order as authorizing the parties to remove another party's confidentiality designations made under the Confidentiality Order [Doc. 100] by citing confidential deposition testimony in their summary judgment filings; regardless of whether the designation of said testimony as confidential has been challenged and ruled upon pursuant to Paragraph 4 of the Confidentiality Order [Doc. 100]. This interpretation would permit a party to unilaterally decide whether deposition testimony shall remain confidential.

Miller interprets the Order as instructing the parties that they must have confidentiality designations on deposition testimony they want to cite for summary judgment purposes removed in accordance with the procedure established in Paragraph 4 of the Confidentiality Order [Doc. 100] before such testimony can be cited and publicly filed. Miller's interpretation prevents the parties from unilaterally removing another party's confidentiality designations. Miller believes the Court, not an adverse party, should decide whether a confidentiality designation should be removed.

### Memorandum of Law

Pursuant to Rule 60(a), Courts have discretion to clarify orders to resolve ambiguities to conform the text of the Order to the Court's original intent. *See Burton v. Johnson,* 975 F.2d 690, 694 (10th Cir. 1992) ("[A] district court may also invoke Rule 60(a) to resolve an ambiguity in its original order to more clearly reflect its contemporaneous intent and ensure that the court's purpose is fully implemented"); *Sartin v. McNair Law Firm PA,* 756 F.3d 259 (4th Cir. 2014) (Rule 60(a)

can be used to correct an unintended ambiguity to conform the text with its original intent); *See also, e.g., Sweeny v. Kimberly-Clark Corp.,* 2016 WL 7138530, at * 1 (M.D. Fla. Mar. 3, 2016) (granting motion for clarification, in part, to clarify that order intended to, and did, dismiss the plaintiff's FDUPTA claims in their entirety). Here, the parties have competing interpretations of the Order.

As set forth above, Miller believes the Order requires the parties to ask Magistrate Judge Goodman to remove confidentiality designations under the procedure established in Paragraph 4 of the Confidentiality Order [Doc. 100] before confidential deposition testimony can be cited in summary judgment papers and filed with the Court. This would enable the Court, not a party, to decide whether confidentiality is appropriate.

Defendants believe the Order prospectively authorizes the parties to unilaterally remove another party's confidential designations for any deposition testimony by electing to cite it in their summary judgment papers. Miller believes this would render the Confidentiality Order meaningless.

Absent clarification from the Court, Gizmodo Defendants' ability to file deposition testimony designated confidential in support of their response to Miller's motion and reply to Miller's opposition to its pending summary judgment motion remains disputed. Accordingly, Miller respectfully requests that the Court clarify the Order as soon as practicable, given the upcoming July 11, 2019 deadline.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

In accordance with S.D. Fla. L.R. 7.1(a)(3), Plaintiff's counsel conferred with Defendants' counsel and Defendants do not oppose the clarification of the Order requested through this Motion.

Dated:  July 10, 2019.                               */s/ Shane B. Vogt*
                                                               Kenneth G. Turkel – FBN 867233
                                                               E-mail:  kturkel@bajocuva.com
                                                                Shane B. Vogt – FBN 257620
                                                                E-mail:  svogt@bajocuva.com
                                                                BAJO | CUVA | COHEN | TURKEL
                                                                100 North Tampa Street, Suite 1900
                                                                Tampa, Florida 33602
                                                                Tel:  (813) 443-2199 | Fax: (813) 443-2193
                                                                *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on July 10, 2019, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

                                                                */s/ Shane B. Vogt*
                                                                Attorney