UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-24227-CIV-ALTONAGA/Goodman

**JASON MILLER**,

      Plaintiff,
v.

**GIZMODO MEDIA GROUP, LLC**; *et al.*,

      Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff's Corrected Motion for Clarification of June 27, 2019 Order [ECF No. 166], filed July 10, 2019.  Plaintiff asks whether the June 27, 2019 Order [ECF No. 151] denying Defendants' Uncontested Motion to File Information Designated by Plaintiff Under Seal [ECF No. 150], requires the parties to first ask the magistrate judge to remove confidentiality designations before confidential deposition testimony may be used in summary judgment papers filed with the Court.  (*See* Mot. 3).  Plaintiff states the absence of such requirement would "render the Confidentiality Order meaningless" because a party might "unilaterally remove another party's confidential designations for any deposition testimony by electing to cite it in their summary judgment papers."  (*Id.*).  Defendants filed their Opposition to Plaintiff's Corrected Motion for Clarification of June 27, 2019 Order [ECF No. 167], stating the Order is not ambiguous and clearly states designations for deposition testimony cited in summary judgment papers "shall be removed."  (*Id.* 3 (quoting June 27, 2019 Order) (emphasis omitted)).

The June 27, 2019 Order authorizes the parties to remove confidentiality designations for deposition testimony relied on in the briefing associated with the parties' motions for summary judgment.  (*See* June 27, 2019 Order 2).  The Order specifically states it "does not otherwise

CASE NO. 18-24227-CIV-ALTONAGA/Goodman

modify the Confidentiality Order [ECF No. 100]." (*Id.* 2). Any testimony presently designated as confidential that is not necessary for consideration of the summary judgment motions should remain confidential and not be referenced or included in the parties' briefing. To the extent a party wishes to bring to the Court's attention information designated as confidential, it is to be included along with all other information on the public docket. Again, the Court will not resolve the summary judgment motions based on information submitted under seal.

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Clarification **[ECF No. 166]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 11th day of July, 2019.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record