UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

1:18-CV-24227-CMA-Altonaga

JASON MILLER,                                     )
                                                  )
                    Plaintiff,                    )
                                                  )
    vs.                                           )
                                                  )
GIZMODO MEDIA GROUP, LLC,                         )
a Delaware Corporation, KATHERINE                 )
KRUEGER, individually, and WILL                   )
MENAKER, individually,                            )
                                                  )
                    Defendants.                   )

### DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S UNAUTHORIZED SUPPLEMENT TO OPPOSITION TO MOTION TO EXCLUDE EXPERT OPINIONS OF CRAIG KRONENBERGER

Defendants, GIZMODO MEDIA GROUP, LLC and KATHERINE KRUEGER (together, "Defendants"), pursuant to Fed. R. Civ. P. 12(f), move to strike Miller's Supplement to his Opposition to Defendants' Motion to Exclude Expert Opinions of Craig Kronenberger (Dkt. 180), filed on July 18, 2019, without this Court's authorization in violation of Local Rule 7.1(c). In support thereof, Defendants state as follows:

### BACKGROUND

Defendants timely filed their Motion to Exclude Expert Opinions of Craig Kronenberger ("Defendants' Motion") on June 27, 2019 (Dkt. 161). Miller's Opposition was due by July 11, 2019. He filed it untimely on the following day without seeking leave of court to make the belated filing (Dkt. 173). This unexcused tardiness is sufficient to warrant striking his Opposition altogether. *See McDuffie v. Broward Cnty.*, 654 Fed. Appx. 408 (11th Cir. 2016).

But Miller now compounds his tardiness by impermissibly attempting to file additional belated briefing opposing Defendants' Motion. On July 18, 2019, a week after his Opposition

was due, Miller filed a Supplement to his Opposition to Defendants' Motion ("the Supplement"). Miller filed the Supplement less than one hour after Defendants filed their Reply in Support of Defendants' Motion ("Defendants' Reply"). Miller made this "supplemental" filing without seeking or obtaining leave of court.

The Supplement should be stricken as improper. Not only did Miller fail to seek the Court's permission to file the Supplement as required by Local Rule 7.1(c), but he also has not, in fact, presented this Court with any proper supplemental authority. As a result, the Supplement should be stricken. Alternatively, if the Court declines to strike the unauthorized Supplement, Defendants should be provided an opportunity to file a response.

## ARGUMENT

### I.    Miller's Supplement is Unauthorized Under Local Rule 7.1(c)

Local Rule 7.1(c) governs the filing of motions, responses and replies and very explicitly states that "no further or additional memoranda of law shall be filed *without prior leave of Court.*" *Id.* (emphasis added). On many occasions, this District has stricken additional memoranda or supplemental filings for the sole reason that they were filed without leave of court. *See, e.g.*, *Burger v. Hartley*, U.S. Dist. LEXIS 191664, Case No. 11-62037-CIV (S.D. Fla. Aug. 30, 2012) (granting motion to strike and striking *pro se* party's sur-reply filed without leave of court); *Solorzano v. M.I. Quality Lawn Maint., Inc.*, 2013 U.S. Dist. LEXIS 201483, Case No. 10-20975-CIV (S.D. Fla. Dec. 16, 2013) (finding that failure to seek leave of court to file second response was "sufficient reason to grant the motion to strike"); *Fees v. Zarco*, 2017 U.S. Dist. LEXIS 217386, Case No. 17-20564-CIV (Oct. 3, 2017) (striking Motion for Leave to File Sur-Reply because the plaintiff "inappropriately attached a copy of the Sur-Reply to the Motion For Leave before obtaining leave of court to file the pleading"); *Wildhaber v. EFV*, 2018 U.S. Dist.

LEXIS 103924, Case No. 17-cv-62542 (S.D. Fla. June 21, 2018) (granting motion to strike "improper and unauthorized" sur-reply filed without leave of court).

Neither before nor after filing his Supplement did Miller seek leave of court to do so. It is, therefore, unauthorized. For this reason, alone, this Court should strike Miller's Supplement from the record for failure to comply with Local Rule 7.1(c).

### II.     Miller's Supplement Fails to Raise New Facts or Argument

Moreover, even if Miller had sought this Court's permission to file the Supplement, the motion for leave to file the Supplement would properly be denied because the Supplement does not include the type of supplemental authority this Court permits in a supplemental filing. The purpose of a supplemental filing is to "direct the Court's attention to legal authority or evidence *that was not available to the filing party at the time that that party filed the original brief* to which the supplemental filing pertains." *Girard v. Aztec RV Resort, Inc.*, 2011 U.S. Dist. LEXIS 105855, Case No. 10-62298-CIV, at *2 (S.D. Fla. Sept. 16, 2011) (emphasis added). The legal authority and evidence that Miller discussed in his Supplement were readily available to him at the time that he filed his Opposition (belatedly) on July 12, 2019.

Specifically, the Supplement cites two cases decided in 2012 and 2017, depositions conducted in May and June, and documents produced in April.  Clearly, *everything* that is discussed in his Supplement could have been included in his Opposition. Miller has not and cannot offer any excuse for failing to include this clearly available material in his Opposition.

As a consequence, Miller cannot now make up for his failure to include this material by filing an unauthorized Supplement. If this Court does not strike Miller's Supplement for failure to comply with Local Rule 7.1(c), then this Court should strike it due to Miller's misuse of the

Supplement to discuss legal authority and evidence that he failed to include at the time he responded.

### III. Miller's Supplement is Insufficient to Cure his Failure to Comply with Fed. R. Civ. P. 26 or the Resulting Surprise to Defendants

If the Court declines to strike the unauthorized Supplement, Defendants request the opportunity to file a written reply to it. Miller's Supplement still does not offer anything that is sufficient to cure his failure to comply with Fed. R. Civ. P. 26 or the resulting surprise to Defendants. First, Miller purports that his expert, Craig Kronenberger, did, in fact, produce the Talkwalker raw data – which is the subject of Defendants' Motion to Exclude pursuant to Fed. R. Civ. P. 37 – prior to his deposition. This is just another example of a blatant misrepresentation that Miller has made to this Court in an effort to prevent the exclusion of Kronenberger.

To be clear, the Talkwalker raw data still has not been disclosed or produced to Defendants. The data that Miller refers to in his Supplement – which he characterizes as the Talkwalker raw data – is actually the Talkwalker data *after* it had been (1) "refined" by Kronenberger, (2) "put into" Cision/Trendkite, (3) analyzed by Cision/Trendkite, and then (4) reduced to a report. *See* Ex. B to Plaintiff's Opposition (D.E. 173) at 93:20-94:8, 94:18-22.[1] This is obviously not the original "raw" data that was generated by Talkwalker.

Defendants are entitled to obtain and review the original raw data produced by Talkwalker, for that data consists of and/or reflects the results of the Boolean search queries (which Kronenberger failed to include in his report and could not speak to during his deposition)

---

[1] To the extent that Miller is suggesting that Defendants made misrepresentations to this Court in their Motion and Reply regarding Miller's failure to disclose the Talkwalker raw data, no such misrepresentations occurred. To be sure, Defendants were aware of the deposition testimony of Kronenberger cited by Miller in his Supplement when they filed their Motion. However, for the reasons stated in this paragraph, the data discussed in this testimony is *not* the data that is the subject of Defendants' Motion.

used by Kronenberger in Talkwalker. Because the original data underwent multiple changes and reiterations before it was reduced to the report produced by Kronenberger, there is no way to compare the search queries against the data in the report. In other words, Defendants *must* have the original Talkwalker raw data in order to have something to meaningfully compare against the search queries (which, again, Defendants belatedly learned were narrowly tailored by Kronenberger, in contrast to what he represented in his Report). For these reasons, to the extent that this Court considers the preexisting evidence discussed by Miller in his Supplement, this evidence still does not cure Miller's failure to comply with Fed. R. Civ. P. 26 or save his expert from exclusion under Fed. R. Civ. P. 37.

As for the remainder of Miller's Supplement, Miller reiterates identical or similar arguments that he already made in his Opposition (specifically stating, "As mentioned in Miller's Opposition . . ."). Supplement at 2. Obviously, anything that was already mentioned in Miller's Opposition is not new now, and it was not unavailable to Miller at the time that he filed his Opposition. Again, to the extent that this Court considers Miller's Supplement at all, it should disregard any evidence, argument or legal authority that was already raised in his previous filing. In addition, it should permit Defendants leave to formally respond to Miller's Supplement.

## **CONCLUSION**

For the foregoing reasons, this Court should strike Miller's Supplement because he failed to obtain authorization from this Court in violation of Local Rule 7.1(c) and because he did not discuss any evidence or legal authority that was not already available to him when he filed his Opposition. To the extent that this Court does not strike Miller's Supplement, it should grant leave for Defendants to formally respond to it.

Respectfully submitted,

| **Deanna K. Shullman** | **Elizabeth A. McNamara** |
|---|---|
| Deanna K. Shullman | Elizabeth A. McNamara (admitted *pro hac vice*) |
| dshullman@shullmanfugate.com | Katherine M. Bolger (admitted *pro hac vice*) |
| Florida Bar No. 514462 | Claire K. Leonard (admitted *pro hac vice*) |
| Rachel Fugate | DAVIS WRIGHT TREMAINE |
| rfugate@shullmanfugate.com | 1251 Avenue of the Americas, 21st Floor |
| Florida Bar. No. 144029 | New York, New York 10020 |
| Kendall Pfeifer | Telephone: (212) 489-8230 |
| kpfeifer@shullmanfugate.com | lizmcnamara@dwt.com |
| Florida Bar No. 105445 | katebolger@dwt.com |
| Shullman Fugate PLLC | claireleonard@dwt.com |
| 2101 Vista Parkway, Suite 4006 | |
| West Palm Beach, FL 33411 | |
| Phone: 561-429-3619 | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of July, 2019, a true and correct copy of the foregoing has been served by CM/ECF on all counsel or parties of record on the service list.

**Deanna K. Shullman**
Deanna K. Shullman
Florida Bar No. 514462

## SERVICE LIST

Kenneth G. Turkel, Esq.
Shane B. Vogt, Esq.
Bajo Cuva Cohen Turkel
100 N. Tampa Street, Ste. 1900
Tampa, FL 33602
Phone: 813-443-2193
kturkel@bajocuva.com
shane.vogt@bajocuva.com
*Attorneys for Plaintiff*