UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:18-cv-24227-CMA

JASON MILLER,

    Plaintiff,

       v.

GIZMODO MEDIA GROUP, LLC,
a Delaware Corporation, KATHERINE
KRUEGER, individually, and
WILL MENAKER, individually,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND OR SUPPLEMENT SWORD AND SHIELD OBJECTIONS OR, ALTERNATIVELY, TO FILE SURREPLY TO ARGUMENT AND EVIDENCE REGARDING DEFENDANTS' "GOOD FAITH"**

Plaintiff, Jason Miller, by counsel and pursuant to Local Rule 7.1(c), respectfully moves for leave of Court to amend or supplement his timely sword and shield objections [Doc. 171, ¶¶ 62, 79, 96; Doc. 172, pp. 22-23; Doc. 175, ¶ 13] to summary judgment evidence and arguments offered by Gizmodo Defendants concerning their "good faith" belief in the lawfulness of publishing their Article and the Supplement.  Alternatively, Miller respectfully seeks leave to file a surreply to Gizmodo Defendants' Reply in Support of Motion for Summary Judgment [Doc. 177] to more fully brief his sword and shield objections.  In support, Miller states as follows:

## Introduction

Gizmodo Defendants are seeking summary judgment on actual malice, the fair reporting privilege, and whether the Article is defamatory [Doc. 155], and also opposing Miller's motion for partial summary judgment on falsity [Doc. 169], based on the contention they believed the Supplement was not sealed and the facts asserted in the Supplement were "credible."  [Doc. 155, pp. 17-21; Doc. 156, ¶¶ 62, 79, 96-97; Doc. 178, ¶ 98; Doc. 177, pp. 1, 4, 9 n. 10; Doc. 170, ¶ 13; Doc. 169, p. 3]  In response, Miller objected, asked to strike, and asked the Court to refuse to consider Gizmodo Defendants' professed "good faith" based on the sword and shield doctrine. [Doc. 172, pp. 22-23, n. 32; Doc. 171, ¶¶ 62, 79, 96-97]  Miller's sword and shield objections were timely raised and remain pending in connection with the parties' summary judgment motions.

Miller's counsel also (albeit mistakenly) believed they could independently raise the sword and shield issue through a motion filed under Rule 37.  [*See* Doc. 179]  Miller's' counsel thought Rule 37 was an appropriate procedural mechanism for an independent motion because the deadline for similar motions (*i.e.,* motions in limine) had not yet passed under the Amended Scheduling Order [*See* Doc. 101] and Gizmodo Defendants did not try to use evidence of their supposed "good faith" until they filed their summary judgment motion on the same day as the deadline for filing pretrial motions.  The Court denied Miller's Rule 37 motion as procedurally improper and an untimely pretrial motion under the Amended Scheduling Order [Doc. 181].

Miller understands the Court's decision and appreciates the importance of the procedures and deadlines established in the Federal Rules, Local Rules and Amended Scheduling Order.  Miller's counsel was not ignoring these deadlines when they filed the Rule 37 motion.  Rather, having already raised sword and shield objections in opposing Gizmodo Defendants' summary

judgment motion and genuinely believing the Rule 37 motion was a timely and procedurally proper mechanism to use under the circumstances, Miller's counsel thought they had a basis to file the Rule 37 motion on July 18, 2019.  Candidly, responding to Gizmodo Defendants' Motion for Summary Judgment [Doc. 155], Statement of Material Facts [Doc. 156], and Motion to Strike [Doc. 161] within the 14 days permitted under Local Rule 7.1 was a daunting task, given the complexity of the legal issues involved[1] and extensive facts[2] cited in support, as well as the page limitations.  Miller's counsel could have done a better job explaining the sword and shield objection, as they did in the Rule 37 motion [Doc. 179].

      Miller believes the additional cases and background facts cited in Doc. 179 concerning the sword and shield issue are important given the case-dispositive nature of Gizmodo Defendants' motion.  Thus, he respectfully requests leave of Court under Rule 7.1(c) to amend or supplement his existing objections [Doc. 171, ¶¶ 62, 79, 96; Doc. 175, ¶ 13], or to file a surreply. Regardless of whether this Motion seeking leave is granted, Miller's timely sword and shield objections will have to be resolved.  Miller believes the additional case law and background materials he seeks leave to include in the record will assist the Court in making that decision. Given what is at stake, and consistent with fundamental fairness and the interests of justice, Miller believes it is within the Court's broad discretion to grant him leave to amend or supplement his sword and shield objections before summary judgment is decided.

## Procedural Background

      On  June 27, 2019 (the same day pre-trial motions were due under the Court's Amended Scheduling Order [Doc. 101]), Gizmodo Defendants moved for summary judgment on the fair reporting privilege, whether the Article is defamatory, and actual malice.  Among other things, they argued Miller cannot establish actual malice because they had a good faith belief the accusations in the Supplement were "credible," and also argued they had a good faith belief the

---

[1] The legal issues raised in Gizmodo Defendants' summary judgment motion [Doc. 155] are nuanced and complex.  Gizmodo Defendants cited over 70 cases in their summary judgment motion (excluding its incorporated citations to case law in prior filings), all of which had to be analyzed, keycited, and distinguished or addressed through follow-up research to prepare Miller's response in opposition.

[2] Gizmodo Defendants primarily based their Statement of Facts [Doc. 156] on newly executed declarations from their witnesses, including Krueger's 105 paragraph declaration [Doc. 157] and supporting exhibits, portions of which conflict with her deposition testimony on several key issues.

Supplement was not sealed (*see* Doc. 155, pp. 17-21). Their Statement of Material Facts include assertions of this good faith belief, citing primarily to their own recently-executed declarations. [Doc. 156, ¶¶ 62, 79, 96-97]

On July 11, 2019, Miller filed his Response [Doc. 172] and Statement of Disputed Material Facts [Doc. 171] in opposition to Gizmodo Defendants' motion for summary judgment. In his Statement of Disputed Material Facts, Miller raised timely objections to the evidence offered by Gizmodo Defendants concerning their alleged good faith. [Doc. 171, ¶¶ 62, 79, 96] In his Response, Miller argued Gizmodo Defendants' self-serving belief the Supplement was credible should be rejected because that belief was reached collectively in a privileged context Gizmodo Defendants refused to disclose, and they cannot use the privilege as a sword and a shield. [Doc. 172, pp. 22-23; citing to Doc. 171, ¶¶ 62, 79, 96] Miller cited testimony demonstrating that Gizmodo Defendants' decision about the "credibility" of the accusations in the Supplement and whether it was sealed was reached collectively in a privileged context. [Doc. 171, ¶¶ 62, 79, 96] Miller also cited testimony revealing Gizmodo Defendants were instructed by counsel to use the term "credible" to describe the Supplement. [*Id.*, ¶ 96]

In support of his objection and argument that Gizmodo Defendants' self-serving statements about their belief in the credibility of the Supplement should be rejected based on the sword and shield doctrine, Miller cited to his Memorandum of Law on Shield Law [Doc. 106]. *See* Doc. 171, pp. 22-23, n. 31, 32, 33 (citing to Doc. 106, p. 15). On page 15 of Miller's Memorandum of Law on Shield Law, he explained that "Courts have denied summary judgment and precluded media defendants from contesting actual malice when they refuse to provide the plaintiff discovery associated with their source and the efforts they made to investigate the truth of allegedly defamatory statements." Miller cited *Greenberg v. CBS, Inc.*, 69 A.D.2d 693, 708-09, 419 N.Y.S.2d 988 (1979), as well as several other cases[3] in support of this argument. *See* Doc. 106, p. 15.

In their Reply [Doc. 177] to Miller's summary judgment Response, Gizmodo Defendants reiterated their contention that no one had doubts about the truth of the Supplement, and all believed the Supplement was "credible." [Doc. 177, pp. 4, 9, 10] In support, Gizmodo

---

[3] *Capuano v. Outlet Co.*, 579 A.2d 469, 475-77 (R.I. 1990); *Collins v. Troy Pub. Co., Inc.*, 213 A.D.2d 879, 880-81, 623 N.Y.S.2d 663 (1995); *Cape Publications, Inc. v. Bridges*, 387 So.2d 436, 439 (Fla. 5th DCA 1980); *Herbert v. Lando*, 441 U.S. 152, 170 (1979).

Defendants cited to the same paragraphs of their Statement of Facts [Doc. 156] to which Miller objected [Doc. 171, ¶¶ 62, 79, 96]. In a footnote in their Reply [Doc. 177, p. 9, n. 10], Gizmodo Defendants also argued "Miller's privilege argument finds no support in the record." However, Gizmodo Defendants did not dispute or object to Miller's evidence that they collectively discussed and decided the Supplement was "credible" and was not sealed in the context of a privileged discussion with counsel which they refused to disclose. In fact, Gizmodo Defendants did not object to or dispute the evidence cited in Paragraphs 62, 79, or 96 of Miller's Statement of Disputed Material Facts. [*See* Doc. 178]

Gizmodo Defendants also asserted their supposed "good faith" belief in the credibility of the Supplement in their Opposition [Doc. 169, p. 3] to Miller's Motion for Partial Summary Judgment on Falsity. In their Counterstatement of Facts in Support of their Opposition to Miller's summary judgment motion [Doc. 170], Gizmodo Defendants asserted Krueger testified she found the Supplement credible [Doc. 170, ¶ 13]. In his Objection and Reply to Gizmodo Defendants' Counterstatement [Doc. 175], Miller timely objected and stated the "assertion Krueger found the Supplement 'credible' should be disregarded based on the sword and shield doctrine, ***as set forth in Miller's Motion for Sanctions filed contemporaneously herewith***," [Doc. 175, ¶ 13 (emphasis added)]; which was a reference to Miller's Rule 37 motion [Doc. 179]. As noted above, the Court denied Miller's referenced Rule 37 motion on procedural grounds [Doc. 181]. However, the arguments and facts raised in Doc. 179 should be considered a part of Miller's sword and shield objection raised in Doc. 175, even though the Rule 37 motion itself was denied.

I.     **Requested Relief**

Miller seeks leave of court under Rule 7.1(c) to amend or supplement his pending, timely sword and shield objections with the additional case law and background materials cited in his Rule 37 motion [Doc. 179]. This could be accomplished through leave to file an amended Statement of Disputed Facts [Doc. 171] or a Supplement to paragraphs 62, 79, and 96 thereof. It also could be accomplished by granting Miller leave to file a surreply to address Gizmodo Defendants' assertion in their Reply [Doc. 177, p. 9, n. 10] that Miller's privilege argument is "bizarre," "false," and "finds no support in the record." Miller does not seek to open the door to extensive additional briefing on the sword and shield issue or delay the Court's decision on pending summary judgment motions. As set forth below, he seeks leave to provide

(1) additional case cites with brief parenthetical summaries of each case, and (2) a brief overview of additional background facts to provide some additional context for Gizmodo Defendants' assertion of privilege in discovery.

## II.   Basis for Relief

Miller acknowledges that leave to amend, supplement, and file a surreply is discretionary, typically limited to situations where new arguments are raised in a reply, and should not be used to argue issues that could have been raised before. *Miccosukee Tribe of Indians of Fla. v. U.S.*, 103 F.Supp.3d 1314, 1325n. 6 (S.D. Fla. 2015) (citing *First Specialty Ins. Corp. v. 633 Partners Ltd.*, 300 Fed.Appx. 777, 788 (11th Cir. 2008). However, the overriding guidance on whether to grant leave in these types of situations is "when a valid reason for such additional briefing exists." *Id*.

Here, Miller timely raised the sword and shield doctrine in his Opposition to Gizmodo Defendants' summary judgment motion and in his Reply (including its reference to Doc. 179). Miller recognizes the additional cases and background facts he seeks permission to add to his objections or in a surreply were available at the time he filed his initial sword and shield objections. *Girard v. Aztec RV Resort, Inc.*, 2011 U.S. Dist. LEXIS 105855 (S.D. Fla. Sept. 16, 2011) (cited by Gizmodo Defendants at Doc. 182, p. 3). However, Miller believes these materials will assist the Court in resolving the sword and shield issue because they provide a more thorough legal framework and factual context for the decision the Court must already make. Respectfully, this seems to qualify as a "valid reason" to grant leave.

At the same time, Miller appreciates the Court may not need these additional materials to decide the sword and shield objection. Her Honor obviously is familiar with the sword and shield doctrine (*i.e.*, *Pena v. Handy Wash, Inc.*, 114 F.Supp.3d 1239, 1245 (S.D. Fla. 2015)) and proactively identifies and analyzes issues independently of the parties' briefings in reaching decisions (*i.e.*, the inferential hearsay problem raised in *Pena*, 114 F.Supp.3d at 1243). Miller is by no means presuming or suggesting the Court will or should research the sword and shield issue on its own. Miller is merely acknowledging that his request for leave to provide these additional materials depends on whether the Court deems it necessary, as well as appropriate.

## III.   Nature of Proposed Amendment, Supplemental Filing or Surreply

Gizmodo Defendants have already pointed out [Doc. 182, p. 2] it would be inappropriate for Miller to attach a copy of a proposed amended or supplemental objection or surreply to this

motion for leave before obtaining leave of court. *Fees v. Zarco*, 2017 WL 7345739, *1 (S.D. Fla. Oct. 3, 2017). Although Local Rule 15.1 requires the attachment of the original of a proposed amendment to a motion to amend a "pleading," Miller does not seek to amend a "pleading." Miller does believe, however, he needs to explain what he proposes to file if leave is granted.

If leave is granted, Miller's preference would be to file an amendment or supplement to paragraphs 62, 79, 96 of his Objection/Disputed Statement of Facts [Doc. 171] to add the following at the end of each paragraph:

> Between 4:55 p.m. and 7:59 p.m. on September 21, 2018, Krueger, Chan, Marchman, and Mirkinson exchanged several e-mails with Gizmodo's in-house counsel, Lynn Oberlander, concerning whether to publish the Article. [*See* Doc. 179, Exhibit 1 (Gizmodo 00049-50, 52-67)] In addition to these e-mails, at approximately 5:07 p.m. on September 21, 2018, Krueger, Chan, Marchman, and Mirkinson had a phone conference with their in-house counsel. [*Id.* (Gizmodo-00052-53)] During the course of the privileged phone call, Gizmodo Defendants discussed the credibility of the allegations in the Supplement, whether the Supplement was sealed, and the impact of Miller's Notice of Confidential Information on the sealing issue. [Doc. 171, ¶¶ 61, 79] Gizmodo Defendants reached a collective decision about the credibility of the Supplement, as reflected by Mirkinson's and Chan's acknowledgement that "we" made the credibility determination [*See* Doc. 179, Exhibit 3 (Mirkinson Depo. pp. 59, 77-78) ("We found the document to be a credible document."); Doc. 171, ¶ 79 ("We believed it was credible…")]; and Marchman's testimony that he only discussed his thoughts on the credibility of the accusations in the privileged context]. [Doc. 171, ¶ 79]
>
> In response to Miller's Interrogatories seeking the details about Gizmodo Defendants' internal conversations about the Supplement and its content before they were published (Interrog. No. 1), Gizmodo objected based on the attorney-client privilege and shield law. (*See* Doc. 179, Exhibit 7) In response to Miller's First Request for Production, which sought Gizmodo's internal discussions prior to publishing the Supplement (Req. No. 19), and any documents upon which Gizmodo's affirmative defenses are based (Req. No. 27), Gizmodo Defendants also objected based on privilege. (*See* Doc. 179, Exhibit 8) Gizmodo Defendants only produced redacted versions of e-mails with their in-house counsel prior to publication. (*See* Doc. 179, Exhibit 9) Gizmodo Defendants served privilege logs asserting the attorney-client privilege over the redacted portions of these September 21, 2018 e-mails. (*See* Doc. 179, Exhibit 10) At their depositions, Gizmodo Defendants also objected and refused to answer questions about their communications with counsel based on privilege. [Doc. 171, ¶¶ 62, 79]
>
> Based on the sword and a shield doctrine, motions seeking summary judgment on actual malice should be denied where defendants refuse to disclose privileged

information while simultaneously professing a "good faith" belief in the appropriateness of publication. *In re. Mongelluzzi*, 568 B.R. 702, 710 (Bankr. M.D. Fla. 2017) ("The 'at issue' doctrine rests on the principle of fairness and stems from the premise that the attorney-client privilege cannot be used as both a sword and a shield.") *Pena v. Handy Wash, Inc.*, 114 F.Supp.3d 1239, 1243-45 (S.D. Fla. 2015) (the attorney-client privilege cannot be used as a sword and a shield where a defendant claims good faith but refuses to disclose their privileged communications with counsel; also recognized the "inferential hearsay" problem the refusal to disclose privileged communications presents); *Greenberg v. CBS, Inc.*, 69 A.D.2d 693, 708-709 (1979) [already cited by Miller] (defendants correctly were denied summary judgment on actual malice because they asserted the Shield Law to prevent discovery into their sources and controlled their defense – if they chose to fully disclose their investigation, no limitation of the defense would occur); *Maar v. Beall's, Inc.*, 237 F.Supp.3d 1336, 1339-40 (S.D. Fla. 2017) (same); *Collins v. Troy Publishing Co., Inc.*, 213 A.D.2d 879, 881 (1995) (summary judgment was improper because, by attempting to rely on confidential information withheld from the plaintiff to prove they acted without malice, the defendants deprived the plaintiff of access to valuable material evidence); *U.S. v. Bilzerian*, 926 F.2d 1285, 1292-93 (2d Cir. 1991) (defendant's own testimony as to "good faith" opens the door to otherwise privileged communications, and if defendant wants to maintain the privilege they are still free to deny intent without asserting good faith or argue good faith defense by means of opening and closing statements and by examining witnesses); *Stern v. O'Quinn*, 253 F.R.D. 663, 676 (S.D. Fla. 2008) (citing *Bilzerian*) (same); *Maplewood Partners, L.P. v. Indian Harbor Insurance Co.*, 295 F.R.D. 550 (S.D. Fla. 2013) (same); *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) (same); *Aspex Eyewear, Inc. v. E'Lite Optik, Inc.*, 276 F. Supp. 2d 1084, 1092–93 (D. Nev. 2003) (Counsel for the opposing party should not be able to act as the gatekeeper to determine what information their adversary is entitled to have. As the court noted in *Chiron Corp. v. Genentech*, 179 F.Supp.2d 1182, 1186, parties should not be able to selectively disclose privileged communications they consider helpful while claiming privilege on damaging communications relating to the same subject); *Arista Records LLC v. Lime Group LLC*, 06 CV 5936 KMW, 2011 WL 1642434, at *2 (S.D.N.Y. Apr. 20, 2011) (sword and shield doctrine precluded evidence of good faith because the advice of counsel "played a substantial and significant role in formulating actions taken by [the defendant]").

If the Court is inclined to grant the relief requested herein, but not in the form of an amendment or supplement to paragraphs 62, 79, and 96 of Miller's Statement of Disputed Facts [Doc. 171], Miller respectfully requests leave to file a surreply to Gizmodo Defendants' Reply [Doc. 177], setting forth the additional case law and facts concerning the sword and shield issue in substantially the same form as Doc. 179, which Miller already incorporated by reference into his Objection and Reply [Doc. 175, ¶ 13].

## CONCLUSION

For the reasons set forth above, Miller respectfully requests leave to: (1) amend his Objection [Doc. 171, ¶¶ 62, 79, 96] to evidence offered by Gizmodo Defendants in support of summary judgment on actual malice based on their "good faith" defense to Miller's defamation claim; or, alternatively, (2) file a surreply to Gizmodo Defendants' Reply in Support of Motion for Summary Judgment [Doc. 177] in substantially the same form as his Rule 37 motion [Doc. 179] (which was already incorporated by reference into Doc. 175, ¶ 13).

## LOCAL RULE 7.1(a)(3) CERTIFICATION

In accordance with S.D. Fla. L.R. 7.1(a)(3), Plaintiff's counsel conferred with Defendants' counsel, and Defendants oppose the relief requested in this motion.

Dated: July 29, 2019.   Respectfully submitted,

*/s/ Shane B. Vogt*
Kenneth G. Turkel – FBN 867233
E-mail: kturkel@bajocuva.com
Shane B. Vogt – FBN 257620
E-mail: svogt@bajocuva.com
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel: (813) 443-2199
Fax: (813) 443-2193
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 29, 2019, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

*/s/ Shane B. Vogt*
Attorney