**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**1:18-CV-24227-CMA-Altonaga**

| | |
|---|---|
| JASON MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| GIZMODO MEDIA GROUP, LLC, | ) |
| a Delaware Corporation, KATHERINE | ) |
| KRUEGER, individually, and WILL | ) |
| MENAKER, individually, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT GIZMODO MEDIA GROUP, LLC'S MOTION FOR HEARING**
**OUTSIDE OF NORMAL DISCOVERY DISPUTE CALENDAR AND INCORPORATED**
**MEMORANDUM OF LAW**

Defendant, GIZMODO MEDIA GROUP, LLC ("Defendant"), moves this Court to enter

an order scheduling a hearing outside of its normal discovery dispute calendar, and in support

thereof, Defendant states as follows:

Trial term in this matter begins on September 3, 2019 (with calendar call on August 29,

2019). Dkt. 101, 191. Plaintiff's status has changed materially after the close of discovery and

Defendants have a good faith basis to believe that Plaintiff's status, and facts relevant to that

status, may become relevant during the trial.  As a result, discovery is now necessary to develop

these facts prior to trial.  Thus, further guidance from this Court as to the proper resolution of the

dispute is required so that Defendants may adequately prepare for trial. Because Judge Goodman

does not have hearing time available on his discovery dispute calendar before trial, His Honor's

chambers instructed defense counsel to file this motion seeking a hearing time outside of the

usual calendar reserved for such hearings. Defendant  hereby request such a hearing.

Defendant has brought this matter to the Court's attention as soon as reasonably practical. Late in the evening on Friday, August 9, 2019, a non-party made a production of documents that Plaintiff had not previously disclosed to Defendants. The production contains information concerning the Plaintiff. Plaintiff promptly designated the documents "Confidential: Attorney's Eyes Only" pursuant to the Confidentiality Order governing production of documents in this case. Dkt. 100. [1]

The new documents contain information that significantly impacts the evidence to be presented on the issues of falsity and damages at trial. If Plaintiff is permitted to present the new information at trial, then pretrial discovery on the new information would be absolutely necessary for Defendants to properly defend against it at trial. Unfortunately, because Defendant learned this information just a few days ago, Defendant has not had the time or opportunity to conduct any discovery on the new information. Nor would discovery be permissible without leave of Court. Dkt. 101 (closing discovery on June 6, 2019).

Defense counsel attempted to reach a stipulation with the Plaintiff's counsel about the new information revealed in the documents. In what appears to be an effort to avoid additional discovery about the new information and leave open the ability to blindside the Defendants, Plaintiff agreed that he would not introduce the new information at trial, unless Defendants "open the door." Given Plaintiff's status, and the multiple issues that are relevant to this status, Defendants have no ability to control or predict what Plaintiff may deem to be something that

---

[1] Per the Confidentiality Order, "Confidential: Attorney's Eyes Only" information is information that is "Confidential" within the Order and "the material contains commercially sensitive material, the disclosure of which may result in competitive harm to the designating party or its interests." Dkt. 100, ¶ 2. The new information, while properly designated "Confidential" pursuant to the Order, is not properly designated "Confidential: Attorney's Eyes Only." Dkt. 100, ¶ 4.

may "open the door."  Plaintiff's counsel identified one item on Defendants' exhibit list as an example of what Plaintiff would consider "opening the door." When Defendants sought clarification as to *how* the identified exhibit would "open the door," and what other matters Plaintiff considered to "open the door," Plaintiff responded:  "[y]ou know how to avoid opening the door."[2]  As a result, Defendants were unable to reach a stipulation with Plaintiff as to the exclusion of this new information from trial.

Because the parties could not reach a stipulation on this issue, Defendants fear that they will unknowingly "open the door" to the new information at trial without having had the opportunity to conduct any pretrial discovery on the new information. This would result in obvious prejudice to Defendants. Accordingly, Defendant respectfully moves this Court to conduct a hearing on this issue outside of Judge Goodman's normal discovery dispute calendar and as soon as reasonably practicable on the issue of whether discovery should be reopened to permit Defendants additional discovery concerning the new information.

Defendants realize this motion lacks specificity as to the specific nature of the new information, but Defendants are mindful of the heightened confidentiality invoked with respect to the new information and offer to submit the newly produced documents to the Court for its *in camera* review if the Court deems it helpful to deciding whether to set a hearing on the matter.

---

[2] Defendant Krueger is not even aware of these developments because she is a non-attorney; defense counsel cannot show the documents to her or describe their contents. Dkt. 100, ¶ 3(c) (permitting counsel to describe only "the general nature of" Attorney's Eyes Only material," without disclosing the specifics of any such information").  This provides an additional impediment for Defendants.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel certifies that counsel for

Defendants conferred with counsel for Plaintiff regarding the relief requested herein, and that

Plaintiff opposes the relief requested herein.

Respectfully submitted,

| **Deanna K. Shullman** | **Elizabeth A. McNamara** |
|---|---|
| Deanna K. Shullman | Elizabeth A. McNamara (admitted *pro hac vice*) |
| dshullman@shullmanfugate.com | Katherine M. Bolger (admitted *pro hac vice*) |
| Florida Bar No. 514462 | Claire K. Leonard (admitted *pro hac vice*) |
| Rachel Fugate | DAVIS WRIGHT TREMAINE |
| rfugate@shullmanfugate.com | 1251 Avenue of the Americas, 21st Floor |
| Florida Bar. No. 144029 | New York, New York 10020 |
| Kendall Pfeifer | Telephone: (212) 489-8230 |
| kpfeifer@shullmanfugate.com | lizmcnamara@dwt.com |
| Florida Bar No. 105445 | katebolger@dwt.com |
| Shullman Fugate PLLC | claireleonard@dwt.com |
| 2101 Vista Parkway, Suite 4006 | |
| West Palm Beach, FL 33411 | |
| Phone: 561-429-3619 | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 14, 2019, a true and correct copy of the foregoing

has been served by CM/ECF on all counsel or parties of record on the service list.

**Deanna K. Shullman**
Deanna K. Shullman
Florida Bar No. 514462

## SERVICE LIST

Kenneth G. Turkel, Esq.
Shane B. Vogt, Esq.
Bajo Cuva Cohen Turkel
100 N. Tampa Street, Ste. 1900
Tampa, FL 33602
Phone: 813-443-2193
kturkel@bajocuva.com
shane.vogt@bajocuva.com
*Attorneys for Plaintiff*

4