UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

1:18-CV-24227-CMA-Altonaga

| | |
|---|---|
| JASON MILLER,<br><br>    Plaintiff,<br><br> vs.<br><br>GIZMODO MEDIA GROUP, LLC, a Delaware Corporation, KATHERINE KRUEGER, individually, and WILL MENAKER, individually,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION FOR LEAVE TO STRIKE PLAINTIFF'S MEMORANDUM OF LAW ON CAUSATION AND DAMAGES (DKT. 209) AND LIABILITY FOR REPUBLICATION (DKT. 210)**

Pursuant to Local Rule 7.1 and this Court's Amended Scheduling Order (Dkt. 101), Defendants, GIZMODO MEDIA GROUP, LLC and KATHERINE KRUEGER (together, "Defendants") move this Court for an order granting Defendants leave to strike Plaintiff's Memorandum of Law on Causation and Damages ("Causation Memorandum") (Dkt. 209) and Memorandum of Law on Liability for Republication ("Republication Memorandum") (Dkt. 210) (collectively referred to as "the Memoranda"). In support of this motion, Defendants state:

**BACKGROUND**

On August 15, 2019, the parties submitted proposed jury instructions pursuant to the procedures outlined in this Court's Amended Scheduling Order (Dkt. 101). *See* (Dkt. 207, Ex. E). That same day, Plaintiff filed the Memoranda purportedly pursuant to Local Rule 16.1(j). (Dkt. 209); (Dkt. 210). The Memoranda take issue with Defendants' proposed jury instructions. (Dkt. 209 at p. 2);(Dkt. 210 at p. 2). Specifically, in the Causation Memorandum, Plaintiff asks the Court to reject Defendants' proposed jury instructions on the causation element of a

defamation claim. (Dkt. 209 at p. 8). In the Republication Memorandum, Plaintiff asks the Court to reject Defendants' proposed jury instructions on the falsity element of a defamation claim. *Id*. at p. 1-6. In addition, the Memoranda rehash arguments made elsewhere in the Plaintiff's pretrial motion briefing concerning the admissibility of Plaintiff's expert and falsity. (Dkt. 152, 169, 172, 173, 174). The Memoranda fail to serve the purpose envisioned by Local Rule 16.1(j), and thus Defendants seek leave of Court to file a motion striking them.[1]

## ARGUMENT

Local Rule 16.1(j) is intended to permit counsel to file memoranda concerning "any unusual questions of law, including motions in limine" within seven days prior to calendar call. *See* Local Rule 16.1(j). The Court's Amended Scheduling Order permitted the parties to file a *single* motion *in limine* by August 15, 2019 (Dkt. 101 at p. 2). Plaintiff filed a motion *in limine* on that date (Dkt. 208) but then also separately filed the Memoranda (Dkt. 209, 210).

Despite Plaintiff's invocation of rule 16.1(j), the Memoranda do not address any "unusual questions of law."[2] Rather, the Causation Memorandum concerns theories of causation and damages in defamation actions -- fairly standard issues which are not novel or so unusual as to require briefing to assist this Court in its decision-making capacity. (Dkt. 209 at p. 2, 7-9). The Causation Memorandum also improperly sets forth additional arguments on the admissibility of the testimony of Plaintiff's expert, Craig Kronenberger, in response to Defendants' *Daubert*

---

[1] Defendants seek leave rather than filing a motion to strike because the deadline for filing pretrial motions has expired. (Dkt. 101) (Amended Scheduling Order); (Dkt. 184) (denying prior motion to strike for failure to seek leave outside the time set forth in the Amended Scheduling Order).

[2] To the extent Plaintiff claims the Memoranda were to be interpreted as motions *in limine*, they should still be struck, as their filing would be in direct violation of this Court's order to file a single motion *in limine*. (Dkt. 101 at p. 2) ("each party is limited to filing one motion *in limine* which may exceed the page limits allowed by the Rules.").

Motion (Dkt. 161). *See* (Dkt. 209 at p. 2, 7-8). Such extraneous arguments are improper under Local Rule 7.1(c), and, again, do not address unusual questions of law. *See* Local Rule 7.1(c) ("no further or additional memoranda of law shall be filed *without prior leave of Court*.").

The Republication Memorandum is similarly flawed. It does not discuss any "unusual questions of law" and instead reiterates Plaintiff's arguments concerning falsity as previously outlined in his motion for partial summary judgment and subsequent reply. *See* (Dkt. 152 at p. 9-11); (Dkt. 174 at p. 4-7). The filing does not otherwise address any issues that have not already been fully briefed by the parties. *Id.*; *see also* (Dkt. 155 at p. 17-18) (Defendants' motion for summary judgment); (Dkt. 169 at p. 8-10) (Defendants' opposition to Plaintiff's partial summary judgment motion on falsity); (Dkt. 172 at p. 20) (Plaintiff's opposition to Defendants' summary judgment motion). Instead, it simply serves as an improper sur-reply in violation of Local Rule 7.1(c).

Because the Court's Amended Scheduling Order required all pre-trial motions be filed by June 27, 2019, (Dkt. 101 at p. 2), Defendants now seek leave to file a motion requesting this Court strike the Memoranda for the reasons stated herein. This Court has broad discretion to grant this request, and the motion will not prejudice Plaintiff. Plaintiff has had ample opportunity to brief the pending summary judgment and expert motions, and the Court will necessarily have to address the parties' disagreements concerning the jury instructions before they are read to the jury. Nor is Defendants' motion intended to waste judicial efforts. To the contrary, it is the Memoranda that create unnecessary work for this Court in the final days before the commencement of the trial period. In light of the foregoing, Defendants believe good cause exists for filing a motion to strike the Memoranda, and Plaintiff will not be prejudiced thereby.

3

Alternatively, if this Court finds the Memoranda present unusual questions of law such that the filing of such under Local Rule 16.1(j) was proper, Defendants request an opportunity to file corresponding memoranda opposing the relief sought by Plaintiff prior to the commencement of trial.

## CONCLUSION

For the reasons stated herein, Defendants respectfully request that this Court enter an order permitting Defendants to file a Motion to Strike Plaintiff's Memorandum of Law on Causation and Damages (Dkt. 209) and Memorandum of Law on Liability for Republication (Dkt. 210). Alternatively, Defendants request an opportunity to file oppositions to the Memoranda prior to the commencement of trial.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel certifies that counsel for Defendants conferred with counsel for Plaintiff regarding the relief requested herein, and that Plaintiff opposes the relief requested herein.

Respectfully submitted,

| **Deanna K. Shullman** | **Elizabeth A. McNamara** |
|---|---|
| Deanna K. Shullman | Elizabeth A. McNamara (admitted *pro hac vice*) |
| dshullman@shullmanfugate.com | Katherine M. Bolger (admitted *pro hac vice*) |
| Florida Bar No. 514462 | Claire K. Leonard (admitted *pro hac vice*) |
| Rachel Fugate | DAVIS WRIGHT TREMAINE |
| rfugate@shullmanfugate.com | 1251 Avenue of the Americas, 21st Floor |
| Florida Bar. No. 144029 | New York, New York 10020 |
| Kendall Pfeifer | Telephone: (212) 489-8230 |
| kpfeifer@shullmanfugate.com | lizmcnamara@dwt.com |
| Florida Bar No. 105445 | katebolger@dwt.com |
| Shullman Fugate PLLC | claireleonard@dwt.com |
| 2101 Vista Parkway, Suite 4006 | |
| West Palm Beach, FL 33411 | |
| Phone: 561-429-3619 | |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of August, 2019, a true and correct copy of the foregoing has been served by CM/ECF on all counsel or parties of record on the service list.

**Deanna K. Shullman**
Deanna K. Shullman
Florida Bar No. 514462

## **SERVICE LIST**

Kenneth G. Turkel, Esq.
Shane B. Vogt, Esq.
Bajo Cuva Cohen Turkel
100 N. Tampa Street, Ste. 1900
Tampa, FL 33602
Phone: 813-443-2193
kturkel@bajocuva.com
shane.vogt@bajocuva.com
*Attorneys for Plaintiff*