# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### 1:18-CV-24227-CMA-Altonaga

| | |
|---|---|
| JASON MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| GIZMODO MEDIA GROUP, LLC, | ) |
| a Delaware Corporation, and KATHERINE | ) |
| KRUEGER, individually, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **DEFENDANTS' BILL OF COSTS AND SUPPORTING MEMORANDUM**

Defendants, GIZMODO MEDIA GROUP, LLC and KATHERINE KRUEGER, pursuant to Federal Rule of Civil Procedure 54(d), Local Rule 7.3(c) and 28 U.S.C. § 1920, hereby submit their Bill of Costs and supporting memorandum and state as follows:

### I. Background and Procedural History

This action contained a claim for defamation by Plaintiff, Jason Miller, arising from Defendants' publication of an Article on September 21, 2018. The Article concerned a court filing authored and filed by Plaintiff's former mistress, Arlene Delgado, in a Miami-Dade County family court case regarding child custody issues between Plaintiff and Ms. Delgado ("the Supplement"). The Supplement contained allegations that Plaintiff had an affair with a stripper, impregnated her and then gave her a smoothie laced with an abortion pill, causing the termination of her pregnancy. The Article reported on these allegations.

Plaintiff filed his Amended Complaint on October 18, 2018, which included counts for defamation and four related causes of action. [Dkt. 5]. Defendants moved to dismiss Plaintiff's Amended Complaint on December 11, 2018, arguing in part that the defamation claim should be dismissed under New York's fair report privilege and on First and Fourteenth Amendment grounds. [Dkt. 44]. On April 24, 2019, this Court granted the Motion to Dismiss in part, dismissing all but Plaintiff's defamation claim. [Dkt. 110]. Defendants filed their Answer on May 7, 2019, alleging New York's fair report privilege as an affirmative defense (among others). [Dkt. 118]. Thereafter, significant discovery and litigation ensued.

On June 27, 2019, Defendants filed their Motion for Summary Judgment, requesting relief on three alternate grounds: (1) the Article is protected by New York's fair report privilege; (2) Defendants did not make any defamatory statements of fact; and (3) there is no evidence Defendants acted with actual malice. [Dkt. 155]. The parties simultaneously prepared for trial, which was set to begin on September 3, 2019. During that time, the parties collectively filed 17 motions, 13 responses and four replies (34 filings in 60 days). On August 27, 2019 (seven days before trial), this Court granted Defendants' Motion for Summary Judgment, finding that "there are no material facts in dispute that could defeat Defendants' affirmative defense raising the New York fair report privilege," (Dkt. 221 at 1) and entered Final Judgment that day. [Dkt. 222.]

#### a. Primary Issues Litigated by the Parties

One of the most contentious issues affecting the application of New York's fair report privilege was whether the Supplement was sealed because, according to Plaintiff, its sealed

1

status meant that New York's fair report privilege did not apply to it. Defendants' position was that it was not sealed; but, even if it was, New York's fair report privilege still applied to it and protected Defendants' fair reporting on it. Accordingly, the parties spent significant time and effort litigating the issue of whether the Supplement was sealed.

In addition, because Plaintiff is a public figure, he was required to prove actual malice – *i.e.*, that Defendants either knew the allegations in the Supplement were false or had serious doubts as to their truth or falsity. As a result, the parties engaged in significant discovery and investigation regarding the accuracy of the allegations in the Supplement and Plaintiff's prior conduct that was similar to that described in the Supplement (among other related issues). Because Plaintiff sought punitive damages, he was also required to prove that Defendants acted with constitutional malice – *i.e.*, ill will or spite toward Plaintiff. This led to significant discovery regarding Defendants' personal attitudes and beliefs. Finally, because Plaintiff sought $100,000,000 in damages, he retained an expert to opine on the cost to repair the damage allegedly caused by the Article (who estimated that the cost would surpass $63 million). This necessitated Defendants' retention of a rebuttal expert. Defendants sought to exclude Plaintiff's expert on multiple grounds, which led to further motion practice.

## II.     Taxable Costs Sought by Defendants

Pursuant to Fed. R. Civ. P. 54(d), Defendants are entitled to recover their taxable costs incurred in this litigation because they are the prevailing party. Taxable costs are set forth in 28 U.S.C. § 1920. Defendants seek the following taxable costs:[1]

### a. Fees for service of summons and subpoena

Defendants used private process servers to serve subpoenas upon non-parties. Private process server fees may be taxed pursuant to § 1920 as long as they do not exceed the amount charged by the U.S. Marshal. *Procaps S.A. v. Patheon Inc.*, 2016 U.S. Dist. LEXIS 12949, Case No. 12-24356-CIV, at *5-6 (S.D. Fla. Feb. 2, 2016) (citing *United States E.E.O.C. v. W&O Inc.*, 213 F. 3d 600 (11th Cir. 2000). Under 28 C.F.R. § 0.114(a)(3), the current rate of the U.S. Marshal's service is $65.00 per hour, and this rate is applied on a per-subpoena basis to determine taxable costs. *Id.* (awarding $390.00 in taxable costs for service of six subpoenas).

Defendants served subpoenas upon 23 individuals or businesses. *See* Service of Process

---

[1] All invoices and receipts supporting Defendants' taxable costs are attached as Composite Exhibit 1.

spreadsheet attached as Exhibit 2. Although Defendants incurred extraneous fees, Defendants seek $195.00 for one subpoena that took three hours to serve, and only $65.00 each for the remaining subpoenas, for a total of $1,625.00.

### b. Fees for printed or electronically recorded transcripts

Defendants ordered transcripts of 26 depositions and three hearings, which they used to support their Motion for Summary Judgment, their Response to Plaintiff's Motion for Summary Judgment, their Motion to Exclude Expert Opinions of Craig Kronenberger, their Motions *in Limine* and their defenses at trial (among other things). The taxation of deposition costs is authorized by § 1920. *Procaps*, 2016 U.S. Dist. LEXIS 12949, at *7 (citing *E.E.O.C.*, 213 F. 3d at 620). The burden is on the non-prevailing party to prove that specific deposition-related costs are not "necessarily obtained for use in the case." *Id.*

Deposition-related costs that are recoverable include court reporter attendance fees and normal delivery fees. *Id.*; *Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1335 (S.D. Fla. 2012)). Fees for expedited or rough transcripts are also recoverable if such transcripts were necessary due to time constraints and not for the convenience of counsel. *Id.* (citing *Barrera*, 900 F. Supp. 2d at 1335). The same rule applies to fees for processing the transcripts, *see Rakip v. Paradise Awnings Corp.*, 2014 U.S. Dist. LEXIS 199461, Case No. 10-20004-CIV, at *14-15 (S.D. Fla. Jan. 2, 2014), and to costs for depositions exhibits, *see Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2015 U.S. Dist. LEXIS 180990, Case No. 14-60268-CIV (S.D. Fla. Dec. 29, 2015). Where the case is complex, the document production is voluminous and the number of depositions is high, it is reasonable to tax the costs of the deposition exhibits. *Id.* at *14-15.

Copies of deposition exhibits are also taxable under the category of "costs of making copies of any materials where the copies are necessarily obtained for use in the case." *Moore v. Shands Jacksonville Med. Ctr., Inc.*, 2014 U.S. Dist. LEXIS 197215, Case No. 3:09-CV-298, at *12 (M.D. Fla. April 3, 2014). However, the costs of deposition transcripts are not subject to the same per-page rates that apply to copies under § 1920(4). *Frasca v. NCL (Bahamas) Ltd.*, 2014 U.S. Dist. LEXIS 117859, Case No. 12-20662-CIV (S.D. Fla. Aug. 25, 2014), *reversed and remanded on other grounds*, 654 Fed. Appx. 949 (11th Cir. 2016). Indeed, there is "no binding Eleventh Circuit case which limits the costs of copies for deposition exhibits under § 1920(2)." *Id.* at *18.

In the Southern District of Florida, a court reporter may charge up to $4.02 per page for

3

an original transcript. *See* Southern District of Florida Fee Schedule, available at https://www.flsd.uscourts.gov/transcript-rate-schedule.[2] Thus, the per-page rate of $4.02 is reasonable and recoverable in this District. *Carroll v. Carnival Corp.*, 2018 U.S. Dist. LEXIS 20192, Case No. 6-20829-CIV (S.D. Fla. Feb. 6, 2018). However, this District has also found that "the transcript rate applicable to court reporters is not binding in assessing the reasonableness of a private stenographer's deposition-transcript fees." *Ashkenazi v. S. Broward Hosp. Dist.*, 2014 U.S. Dist. LEXIS 100280, Case No. 11-61403-CIV, at *9 (S.D. Fla. July 23, 2014). Indeed, this District has awarded per-page costs of up to $4.45 for transcripts of depositions completed in 2015. *Emery v. Allied Pilots Ass'n*, 2017 U.S. Dist. LEXIS 76640, Case No. 14-80518-CV (S.D. Fla. May 18, 2017) (relying on *Embroidme.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, 2014 U.S. Dist. LEXIS 152798, Case No. 12-81250, at *6 (S.D. Fla. Aug. 20, 2014). In addition, where an expedited transcript is found to have been necessary, it is reasonable to award two times the regular rate for the transcript. *Brannon v. Finkelstein*, 2017 U.S. Dist. LEXIS 14799, Case No. 10-61813-CIV (S.D. Fla. Feb. 1, 2017) (awarding $8.90 per page for an expedited transcript, which was twice the regular rate of $4.45).

"The costs of a videographer may be taxed if the party noticed the deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection was raised at that time by the other party." *Procaps*, 2016 U.S. Dist. LEXIS 12949, at *8 (citing *Morrison v. Reichhold Chems.*, 97 F. 3d 460, 464-65 (11th Cir. 1996)). In addition, a court may tax costs of video synchronization where the use of the streamlined video deposition at trial would assist in presenting testimony to the jury and conserve time. *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 2011 U.S. Dist. LEXIS 68392, Case No. 09-60351-CIV, at *42 (S.D. Fla. June 27, 2011). Defendants seek $34,132.38 in taxable costs associated with the deposition transcripts it ordered in this case. *See* Transcripts, Exhibits and Videography spreadsheets, attached as Exhibits 3, 4 and 5, respectively.

### i. Expedited and Rough Transcripts

Defendants ordered expedited and rough transcripts of the following depositions:

*Lawrence Carnevale*, the representative of Teneo Strategy, Plaintiff's employer at the time of the deposition. His deposition was taken on May 21, 2019, and Defendants needed his

---

[2] The Southern District of New York also charges a per-page rate of $4.02. *See* Southern District of New York Transcript Rates, available at http://www.nysd.uscourts.gov/court_reporting.php.

transcript in order to prepare for Plaintiff's deposition on May 30, 2019.

*Kelly Miller*, Plaintiff's wife. Her deposition was taken on May 29, 2019 and Defendants needed her transcript to use preparing for Plaintiff's deposition the next day and in their Motion for Summary Judgment, filed on June 27, 2019.

*Jason Miller*, Plaintiff. His deposition was taken on May 30, 2019, and Defendants needed his transcript to use in their Motion for Summary Judgment, filed on June 27, 2019.

*Craig Kronenberger*, Plaintiff's reputational damages expert. His deposition was taken on June 7, 2019, and Defendants needed his transcript to prepare to defend the deposition of their rebuttal expert, Dr. Terri Giddens, on June 11, 2019.

*Mark Gunderson*, Plaintiff's longtime friend. His deposition was taken on August 8, 2019, and Defendants needed his transcript before the pretrial deadlines for deposition designations (August 13, 2019) and motions *in limine* (August 15, 2019).

### ii. Expedited Transcripts

Defendants ordered expedited transcripts of the following hearing and depositions:

*March 27, 2019 hearing* regarding, *inter alia*, the shield law. At the hearing, Judge Goodman ordered each party to submit a memorandum regarding the shield law by April 8, 2019. *See also* Dkt. 98. Because each party expressed its arguments regarding the shield law and Judge Goodman gave specific instructions regarding the memorandum at the hearing, Defendants needed the transcript in order to properly prepare the memorandum by April 8, 2019.

*Michael Ernst*, the first courier who obtained a copy of the Supplement from the Miami-Dade County Clerk of Court's office. His deposition was taken on May 10, 2019, and Defendants needed his transcript to prepare for Michael Corman's deposition on May 17, 2019.

*Michael Corman*, the second courier who successfully obtained a copy of the Supplement from the Miami-Dade County Clerk of Court's office. His deposition was taken on May 17, 2019, and Defendants needed his transcript to prepare for Maria Fernandez's and Doreen Ruggiero's depositions on June 4, 2019. Ms. Fernandez and Ms. Ruggiero are employees of the Miami-Dade County Clerk of Court and had knowledge regarding the release of the Supplement to Mr. Ernst and Mr. Corman.

*Arlene Delgado*, the author of the Supplement. Her continued deposition was taken on June 4, 2019, and Defendants needed her transcript to use in support of their Motion for Summary Judgment, filed on June 27, 2019.

*Vainize Lalemond*, the Miami-Dade County Clerk who released the Supplement to Mr. Corman. Her deposition was taken on August 8, 2019, and Defendants needed her transcript before the pretrial deadlines for deposition designations (August 13, 2019) and motions *in limine* (August 15, 2019).[3]

### iii. Rough Transcripts

Defendants ordered rough transcripts of the following depositions:

*Arlene Delgado*, the author of the Supplement. Her original deposition was taken on May 28, 2019, and Defendants needed her transcript to prepare for her continued deposition on June 4, 2019, and to use in support of their Motion for Summary Judgment, filed on June 27, 2019.

*Jonathan Eiseman*, the Head of Audience and Social Media for Gizmodo Media Group, LLC. Mr. Eiseman's deposition was taken on May 8, 2019, and Defendants needed his transcript to prepare for Katherine Krueger's deposition on May 13, 2019.

### iv. Per-Page Rates

Defendants were charged the following per-page rates for the transcripts received in regular form only: $3.35 (10 transcripts), $3.45 (one transcript), $3.95 (one transcript), $4.02 (one transcript); $4.55 (one transcript), $4.60 (one transcript), and $4.75 (one transcript). These rates were set by the court reporting services who prepared the transcripts. To the extent that these rates exceed $4.02, they are not automatically unreasonable in this District, which has awarded a rate of $4.45 for a transcript completed in 2015. *Emery*, 2017 U.S. Dist. LEXIS 76640. Due to inflation, a rate of up to $4.75 should also be found to be reasonable in 2019, and Defendants respectfully request that this Court tax each of these transcripts at the rate charged.

Defendants were charged the following total per-page rates for the transcripts received in both regular and expedited forms: $5.34 (expedited)[4]; $6.00 (expedited);[5] $4.55 (regular) + $2.73

---

[3] Defendants also ordered the expedited transcript of the January 14, 2019 hearing on the Motion to Dismiss. This transcript was filed the day after this Court denied the Motion in part on April 24, 2019. Dkt. 111. The court reporter charged $5.34 per page in accordance with the Southern District of Florida Fee Schedule. Defendants seek only the regular rate of $4.02.

[4] This was a transcript of a hearing in front of Judge Altonaga in the Southern District of Florida. The seven-day expedite rate allowed by this District is $5.34. *See* https://www.flsd.uscourts.gov/transcript-rate-schedule.

[5] This was a transcript of a hearing in front of Judge Goodman in the Southern District of Florida. The three-day expedite rate allowed by this District is $6.00. *See* https://www.flsd.uscourts.gov/transcript-rate-schedule.

(expedited) = $7.28 (one transcript); $4.55 (regular) + $3.64 (expedited) = $8.19 (one transcript); $4.55 (regular) + $4.10 (expedited) = $8.65 (one transcript); and $4.55 (regular) + $5.01 (expedited) = $9.56 (one transcript). As set forth above, it is reasonable to tax the first five expedited transcripts at the total rates charged because the total rates are less than two times the regular rates. *Brannon v. Finkelstein*, 2017 U.S. Dist. LEXIS 14799. As to the sixth expedited transcript, Defendants seek only a total rate of $9.10 (two times $4.55). *Id.*

Defendants were charged the following total per-page rates for the transcripts received in both regular and rough forms: $3.35 (regular) + $2.00 (rough) = $5.35 (two transcripts). The per-page rate for the rough transcript is less than half of $4.02 and less than 60% of the regular rate. In addition, the per-page rates were applied across fewer pages because the rough transcripts are shorter than the regular transcripts (127-page rough transcript vs. 165-page regular transcript for one deposition, and 92-page rough transcript vs. 138-page regular transcript for the other deposition). Because it is reasonable to tax expedited transcripts at two times the regular rate, it would be reasonable to tax these two rough transcripts at the total rates charged (approximately 1.6 times the regular rate). For these reasons, Defendants ask this Court to award a total per-page rate of $5.35 for the two transcripts ordered in regular and rough forms.

Defendants were charged the following total per-page rates for the transcripts received in regular, expedited and rough forms: $3.95 (regular) + $3.56 (expedited) + $1.50 (rough) = $9.01 (three transcripts); $4.05 (regular) + $5.23 (expedited) + $1.50 (rough) = $10.05 (one transcript); and $4.75 (regular) + $5.23 (expedited) + $1.50 (rough) = $11.48 (one transcript). Defendants seek only two-and-one-quarter times the regular rates charged for these transcripts, for total per-page rates of $8.89, $9.11 and $10.68, respectively.

### v. Exhibits

Of the 26 deposition transcripts received by Defendants, 23 were accompanied by exhibits. The parties marked a total of 235 exhibits consisting of more than 2,500 pages. The 26 depositions occurred over a period of 14 weeks, with the parties averaging nearly two depositions per week at various locations, including New York, Washington, D.C, Atlanta, Amarillo and Miami. In addition, the issues in the case were varied and complex, and entirely different sets of documents were used from one deposition to the next. To be able to keep track of the exact exhibits used for each deposition, it was necessary to obtain the exhibits from the court reporter along with the corresponding transcripts. Thus, it was reasonable and necessary for

7

Defendants to incur the costs of the depositions exhibits. *See Thermoset Corp.*, 2015 U.S. Dist. LEXIS 180990 (citing *Competitor Liason Bureau, Inc. v. Cessna*, 2011 U.S. Dist. LEXIS 128592, Case No. 6:08-cv-2165 (M.D. Fla. Oct. 17, 2011)).

For black-and-white copies of exhibits, Defendants incurred $1,315.85 in costs at rates of $0.55 to $0.65 per page; and for color copies of exhibits, Defendants incurred $618.35 in costs at rates of $1.25 to $1.95 per page. The court reporting services set these per-page rates, and Defendants had no choice but to pay them in order to receive the exhibits. *Frasca*, 2014 U.S. Dist. LEXIS 117859, at *18. Thus, Defendants respectfully request that this Court award $1,934.20 for the deposition exhibits in this case.

### vi. Videography

Defendants video recorded the depositions of the following persons: Isys Caffey, Lawrence Carnevale, Arlene Delgado, Kaelan Dorr, Mark Gunderson, Craig Kronenberger, Plaintiff, Robert Ribar and Arthur Schwartz. Defendants also ordered the videos of the depositions of the following persons whose depositions were noticed by Plaintiff: Susie Banikarim, Terri Giddens, Katherine Krueger and Vainize Lalemond. With the exception of Ms. Delgado and Ms. Lalemond, all of these deponents reside outside the jurisdiction of this Court, and therefore Defendants would have been entitled to use the videos of their depositions to present their testimony at trial if necessary. Fed. R. Civ. P. 32(a). Defendants also would have used the video of Ms. Delgado's and Ms. Lalemond's depositions to impeach them at trial, if necessary.

Defendants indicated in the notices of depositions that they would be taken by video and Plaintiff did not object. In fact, both parties noticed their depositions for video throughout the case. Accordingly, the videographer fees incurred by Defendants are taxable under 28 U.S.C. § 1920. *Procaps*, 2016 U.S. Dist. LEXIS 12949, at *8. Such fees include charges for video synchronization, which are taxable where the using the video at trial would assist in presenting testimony and conserve time. *Id.* Accordingly, Defendants request that this Court tax the fees at the amounts charged – $5,327.50 for videographer fees and $2,825.00 for synchronization fees.

### c. Fees and disbursements for printing

This District has considered fees for printing together with fees for copying. *See, e.g., Patsalides v. City of Fort Pierce*, 2017 U.S. Dist. LEXIS 154375, Case No. 15-14431-CIV (S.D. Fla. Sept. 20, 2017). Accordingly, please see section II.e., *infra*, for the discussion of taxability

8

of printing fees.

### d. Fees for witnesses

Pursuant to Fed. R. Civ. P. 45, Defendants paid certain witnesses fees for their attendance at depositions and trial. "Witness fees are taxable as costs under § 1920(3). The amount that can be taxed is governed by 28 U.S.C. § 1821. Section 1821 permits a witness payment of $40 per day for attendance in court or at a deposition" as well as a mileage allowance. *Santana v. RCSH Operations, LLC*, 2012 U.S. Dist. LEXIS 124119, Case No. 10-61376-CIV (S.D. Fla. Aug. 31, 2012); 28 U.S.C. § 1821(b). The federal standard mileage allowance in 2019 is $0.58 per mile.

Defendants paid the following witness fees in this action: $40.00 to Arthur Schwartz for his attendance at deposition; $40.00 to Lawrence Carnevale for his attendance at deposition; $46.00 to Mark Gundersen for his attendance at deposition; $50.00 to Kaelan Dorr for his attendance at deposition; $51.14 to Robert Ribar for his attendance at deposition; and $53.92 to Isys Caffey for her attendance at deposition. Mr. Gundersen was required to travel 10.4 miles to and from his deposition, Mr. Dorr was required to travel 6.8 miles[6] to and from his deposition, Mr. Ribar was required to travel 19.2 miles to and from his deposition, and Ms. Caffey was required to travel 24 miles[7] to and from her deposition. Thus, to the extent these fees exceed $40.00, the excess amount is attributable to the mileage fees owed to the witnesses. Accordingly, Defendants respectfully request that this Court award $275.00 in witness fees.

### e. Fees for exemplification and the costs of making copies of any materials

Fees for copying and printing are recoverable where the documents copied or printed are "necessarily obtained for use in the case" and not just for the convenience of counsel. 28 U.S.C. § 1920(4); *Patsalides*, 2017 U.S. Dist. LEXIS 154375, at * 21. While the party seeking these costs should provide a general explanation of the use or intended use of the documents, it need not do this for every individual document. *Procaps*, 2016 U.S. Dist. LEXIS 12949, at *16 (citing *Barrera*, 900 F. Supp. 2d at 1334). For copies in black and white, rates between $0.10 and $0.25 per page are recoverable; and for copies in color, rates up to $1.25 are recoverable. *Id.* The allowable per-page rates for printing appear to fall within the range for black-and-white copies.

---

[6] Mr. Dorr's mileage was miscalculated because Defendants had an outdated address for him. Defendants seek only $3.94 in mileage allowance for a total of $43.94.
[7] Defendants did not have Ms. Caffey's home address and thus calculated her mileage from her place of business (offices of Stripe Reputation).

*See, e.g.*, *Patsalides*, 2017 U.S. Dist. LEXIS 154375, at *23.

Defendants incurred the following copying and printing fees: $8.00 for the 42-page subpoena to Rachel's Gentlemen's Club; $10.25 for the 41-page subpoena to Teneo Strategy; $20.00 for the 33-page Supplement; $21.75 for the 145-page personnel file of Vainize Lalemond; $50.00 for seven pages of Plaintiff's medical records from Dr. Louis Levitt (as well as search and retrieval charges); $56.75 for the 227-page subpoena to Arthur Schwartz; $150.00 for 63 pages of Plaintiff's medical records from Dr. Kahan; $222.52 for 492 black-and-white pages and 180 color pages of deposition materials;[8] and $4,268.37 for 1,035 black-and-white pages and 4,668 color pages of trial materials. *See* Copying and Printing spreadsheet, attached as Exhibit 6. Each of these documents were used for purposes of discovery and/or trial. For example, the subpoenas were served on the deponents as required by law; the Supplement was obtained to show that it was not sealed; the personnel file was used during Ms. Lalemond's deposition; the medical records were used to evaluate Plaintiff's claims of mental anguish and physical suffering; the deposition materials were used during Ms. Delgado's deposition; and the trial materials were intended to be used at trial.

With the exception of the color deposition and trial materials, where the stated or calculated per-page rates are less than $0.25, Defendants seek the rate charged; and where they are not indicated on the invoices but appear greater than $0.25, Defendants seek only $0.25 per page. With regard to the color deposition and trial materials, Defendants seek the rates charged of $0.75 and $0.89 per page. In total, Defendants seek $4,603.35 for copying and printing fees.

### III.  Conclusion

For the foregoing reasons, Defendants are entitled to recover their taxable costs, and the costs sought herein are taxable under 28 U.S.C. § 1920 and interpreting case law. Accordingly, Defendants respectfully request that this Court award a total of $40,635.73 in taxable costs to Defendants.[9] *See* Total spreadsheet, attached as Exhibit 7.

---

[8] Defendants were able to identify the documents based on the descriptions on the invoices and then calculate the number of pages and per-page rates for each document. Defendants' counsel received a discount of 10% so the total charge was reduced to $222.52.

[9] Defendants have incurred other costs in this action which do not appear to be taxable under 28 U.S.C. § 1920. To the extent that any costs incurred by Defendants are not included in the Bill of Costs, Defendants do not waive their right to seek such costs through a motion authorized by Local Rule 7.3(a) after the appeal is concluded. *See* Dkt. 222.

## CERTIFICATE OF CONFERRAL UNDER LOCAL RULE 7.3(c)

Pursuant to Local Rule 7.3(c), undersigned counsel certifies that Defendants' counsel conferred with Plaintiff's counsel regarding the relief requested herein and that Plaintiff is unable to agree at this time, but Plaintiff's counsel has agreed to continue to review the costs to try to reach an agreement on those that may be recoverable.

Respectfully submitted,

| **Deanna K. Shullman** | **Elizabeth A. McNamara** |
|---|---|
| Deanna K. Shullman | Elizabeth A. McNamara (admitted *pro hac vice*) |
| dshullman@shullmanfugate.com | Katherine M. Bolger (admitted *pro hac vice*) |
| Florida Bar No. 514462 | Claire K. Leonard (admitted *pro hac vice*) |
| Rachel Fugate | DAVIS WRIGHT TREMAINE |
| rfugate@shullmanfugate.com | 1251 Avenue of the Americas, 21st Floor |
| Florida Bar. No. 144029 | New York, New York 10020 |
| Kendall Pfeifer | Telephone: (212) 489-8230 |
| kpfeifer@shullmanfugate.com | lizmcnamara@dwt.com |
| Florida Bar No. 105445 | katebolger@dwt.com |
| Shullman Fugate PLLC | claireleonard@dwt.com |
| 2101 Vista Parkway, Suite 4006 | |
| West Palm Beach, FL 33411 | |
| Phone: 561-429-3619 | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of September, 2019, a true and correct copy of the foregoing has been served by CM/ECF on all counsel or parties of record on the service list.

**Deanna K. Shullman**
Deanna K. Shullman
Florida Bar No. 514462

## SERVICE LIST

Kenneth G. Turkel, Esq.
Shane B. Vogt, Esq.
Bajo Cuva Cohen Turkel
100 N. Tampa Street, Ste. 1900
Tampa, FL 33602
Phone: 813-443-2193
kturkel@bajocuva.com
shane.vogt@bajocuva.com
*Attorneys for Plaintiff*